1   ERNEST E. PRICE (Cal. SBN 164534)
    eprice@rmkb.com
2   ARNOLD E. SKLAR (Cal. SBN 51595)
    asklar@rmkb.com
3   EUGENE S. SUH (Cal. SBN 245313)
    esuh@rmkb.com
4   ROPERS, MAJESKI, KOHN & BENTLEY
    515 South Flower Street, Suite 1100
5   Los Angeles, CA  90071-2213
    Telephone:    (213) 312-2000
6   Facsimile:    (213) 312-2001

7   Attorneys for Plaintiff NATIONAL UNION FIRE
    INSURANCE COMPANY OF PITTSBURGH, PA,
8   a Pennsylvania Corporation

9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13   NATIONAL UNION FIRE INSURANCE       CASE NO. CV10-01324 JF
     COMPANY OF PITTSBURGH, PA, a
14   Pennsylvania Corporation,           FIRST AMENDED COMPLAINT FOR:

15                  Plaintiff,           1.   FRAUD - CONCEALMENT
                                         2.   FRAUD
16           v.                          3.   BREACH OF FIDUCIARY DUTY
                                         4.   CONVERSION
17   RESOURCE DEVELOPMENT                5.   CONSTRUCTIVE TRUST
     SERVICES, INC., JAMES LUCERO, an    6.   ALTER EGO
18   Individual, SHELLEY LUCERO, an      7.   TRESPASS
     Individual, ARACELLI FRANCO, an     8.   INVASION OF RIGHT OF PRIVATE
19   Individual, ELVIA NENQUE, an             OCCUPANCY
     Individual, MARTHA RENTERIA, an     9.   NEGLIGENT DISPOSAL OF
20   Individual, JOE MORSE, an Individual,    MATERIAL
     TOM OVERTON, an Individual,         10.  AIDING AND ABETTING FRAUD
21   RICHARD ANDRADE, an Individual,
     JOSE SALVATIER, an Individual,      DEMAND FOR JURY TRIAL
22   DANIEL SANCHEZ, an Individual,
     RUDY HERNANDEZ, an Individual,
23   GUILLERMO CEBALLOS, an Individual,
     RANDY VARGAS, an Individual,
24   VALLEY RECYCLING, RANDAZZO
     ENTERPRISES, DOMINGUEZ & SONS,
25   PREMIER RECYCLING, PACIFIC
     COAST RECYCLING, GIBSON'S
26   RESOURCE GROUP, CAL WASTE,
     ACCURATE CLEANING SYSTEMS,
27   ALVISO, A&S METALS, D&C
     CONSTRUCTION, JLV EQUIPMENT,
28   DVBE TRUCKING, NOGALERA

RC1/5588003.1/AES                - 1 -

FIRST AMENDED COMPLAINT
CASE NO. CV10-01324 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

COURTESY COPY
E-FILED ON 6/01/10 at 9:02 AM

1   TRUCKING, A&A RECYCLING, BAY
    AREA HAULING MAINTENANCE,
2   DEPENDABLE WASTE SOLUTIONS,
    PARAMOUNT DRYWALL, RAD ROLL-
3   OFF, ALL TRASH, BAY CAL
    RECYCLING, JM HAULING,
4   ALMADEN CONSTRUCTION, DEL
    TORO, ESPINOZA & DAUGHTER
5   HAULING, AFFORDABLE ROOFING,
    and DOES 1 through 100.

6                    Defendants.

7

8        No responsive pleading having been filed at this time (a motion to dismiss for failure to

9   state a claim is not a responsive pleading; *Schreiber Distrib. v. Serv-Well Furniture Co.*, 806 F.2d

10  1393, 1401 (9th Cir. 1986)), pursuant to Rule 15(a) of the Federal Rules of Civil Procedure

11  Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,

12  PENNSYLVANIA, a Pennsylvania Corporation (hereinafter referred to as "National Union" or

13  "Plaintiff") amends its complaint and alleges as follows:

14                         **THE PARTIES**

15      1.      National Union is, and at all times mentioned herein was, a corporation duly

16  organized and existing under the laws of Pennsylvania, with its principal place of business in

17  Pittsburgh, Pennsylvania.  National Union is authorized to transact business in California.

18      2.      Prior to the commencement of this action and for valuable consideration, pursuant

19  to an insurance policy, National Union became subrogated to the claim of Waste Management

20  Corp. (hereinafter "Waste Management") against the defendants and each of them, sued upon

21  herein.  National Union is the owner and holder of the claim, and as subrogee stands in the place

22  and stead of Waste Management.

23      3.      Upon information and belief, defendant RESOURCE DEVELOPMENT

24  SERVICES, INC. (hereinafter "RDS") is now, and at all times relevant hereto has been, a

25  corporation organized and existing under the laws of the State of California with its principal

26  place of business located in the County of Santa Clara, State of California.

27      4.      Upon information and belief, defendant James Lucero, is an individual, residing in

28

Ropers M ajeski Kohn & Bentley
A Professional Corporation
Los Angeles

RC1/5588003.1/AES                    - 2 -                    FIRST AMENDED COMPLAINT
                                                             CASE NO. CV10-01324 JF

Case5:10-cv-01324-JF   Document34   Filed06/01/10   Page3 of 22

1   this Judicial District.

2       5.      Upon information and belief, defendant Shelley Lucero, is an individual, residing
3   in this Judicial District.

4       6.      Upon information and belief, defendant Aracelli Franco, is an individual, residing
5   in this Judicial District.

6       7.      Upon information and belief, defendant Elvia Nenque, is an individual, residing in
7   this Judicial District.

8       8.      Upon information and belief, defendant Martha Renteria, is an individual, residing
9   in this Judicial District.

10      9.      Upon information and belief, defendant Joe Morse, is an individual, residing in
11  this Judicial District.

12      10.     Upon information and belief, defendant Tom Overton, is an individual, residing in
13  this Judicial District.

14      11.     Upon information and belief, defendant Richard Andrade, is an individual,
15  residing in this Judicial District.

16      12.     Upon information and belief, defendant Jose Salvatier, is an individual, residing in
17  this Judicial District.

18      13.     Upon information and belief, defendant Daniel Sanchez, is an individual, residing
19  in this Judicial District.

20      14.     Upon information and belief, defendant Rudy Hernandez, is an individual, residing
21  in this Judicial District.

22      15.     Upon information and belief, defendant Guillermo Ceballos, is an individual,
23  residing in this Judicial District.

24      16.     Upon information and belief, defendant Randy Vargas, is an individual, residing in
25  this Judicial District.

26      17.     Upon information and belief, defendant VALLEY RECYCLING (hereinafter
27  "VR") is now, and at all times relevant hereto has been, a corporation organized and existing
28  under the laws of the State of California with its principal place of business located in the County

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

FIRST AMENDED COMPLAINT
CASE NO. CV10-01324 JF

1   of Santa Clara, State of California.

2   　　　18.　　Upon information and belief, defendant RANDAZZO ENTERPRISES (hereinafter

3   "RE") is now, and at all times relevant hereto has been, a corporation organized and existing

4   under the laws of the State of California with its principal place of business located in the County

5   of Santa Clara, State of California.

6   　　　19.　　Upon information and belief, defendant DOMINGUEZ & SONS (hereinafter

7   "D&S") is now, and at all times relevant hereto has been, a corporation organized and existing

8   under the laws of the State of California with its principal place of business located in the County

9   of Santa Clara, State of California.

10   　　　20.　　Upon information and belief, defendant PREMIER RECYCLING (hereinafter

11   "PR") is now, and at all times relevant hereto has been, a corporation organized and existing

12   under the laws of the State of California with its principal place of business located in the County

13   of Santa Clara, State of California.

14   　　　21.　　Upon information and belief, defendant PACIFIC COAST RECYCLING

15   (hereinafter "PCR") is now, and at all times relevant hereto has been, a corporation organized and

16   existing under the laws of the State of California with its principal place of business located in the

17   County of Santa Clara, State of California.

18   　　　22.　　Upon information and belief, defendant GIBSON'S RESOURCE GROUP

19   (hereinafter "GRG") is now, and at all times relevant hereto has been, a corporation organized

20   and existing under the laws of the State of California with its principal place of business located

21   in the County of Santa Clara, State of California.

22   　　　23.　　Upon information and belief, defendant CAL WASTE (hereinafter "CW") is now,

23   and at all times relevant hereto has been, a corporation organized and existing under the laws of

24   the State of California with its principal place of business located in the County of Santa Clara,

25   State of California.

26   　　　24.　　Upon information and belief, defendant ACCURATE CLEANING SYSTEMS

27   (hereinafter "ACS") is now, and at all times relevant hereto has been, a corporation organized and

28   existing under the laws of the State of California with its principal place of business located in the

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

County of Santa Clara, State of California.

25.     Upon information and belief, defendant ALVISO is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

26.     Upon information and belief, defendant A&S METALS (hereinafter "A&S") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

27.     Upon information and belief, defendant D&C CONSTRUCTION (hereinafter "D&C") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

28.     Upon information and belief, defendant JLV EQUIPMENT (hereinafter "JLV") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

29.     Upon information and belief, defendant DVBE TRUCKING (hereinafter "DVBE") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

30.     Upon information and belief, defendant NOGALERA TRUCKING (hereinafter "Nogalera") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

31.     Upon information and belief, defendant A&A RECYCLING (hereinafter "A&A") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

Case5:10-cv-01324-JF   Document34   Filed06/01/10   Page6 of 22

32.     Upon information and belief, defendant BAY AREA HAULING MAINTENANCE (hereinafter "Bay Area Hauling") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

33.     Upon information and belief, defendant DEPENDABLE WASTE SOLUTIONS (hereinafter "Dependable") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

34.     Upon information and belief, defendant PARAMOUNT DRYWALL (hereinafter "PD") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

35.     Upon information and belief, defendant RAD ROLL-OFF (hereinafter "RAD") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

36.     Upon information and belief, defendant ALL TRASH (hereinafter "AT") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

37.     Upon information and belief, defendant BAY CAL RECYCLING (hereinafter "BCR") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

38.     Upon information and belief, defendant JM HAULING (hereinafter "JM") is now, and at all times relevant hereto has been, a corporation organized and existing under the laws of the State of California with its principal place of business located in the County of Santa Clara, State of California.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1       39.    Upon information and belief, defendant ALMADEN CONSTRUCTION

2  (hereinafter "AC") is now, and at all times relevant hereto has been, a corporation organized and

3  existing under the laws of the State of California with its principal place of business located in the

4  County of Santa Clara, State of California.

5       40.    Upon information and belief, defendant DEL TORO (hereinafter "DT") is now,

6  and at all times relevant hereto has been, a corporation organized and existing under the laws of

7  the State of California with its principal place of business located in the County of Santa Clara,

8  State of California.

9       41.    Upon information and belief, defendant ESPINOZA & DAUGHTER HAULING

10  (hereinafter "Espinoza") is now, and at all times relevant hereto has been, a corporation organized

11  and existing under the laws of the State of California with its principal place of business located

12  in the County of Santa Clara, State of California.

13       42.    Upon information and belief, defendant AFFORDABLE ROOFING (hereinafter

14  "AR") is now, and at all times relevant hereto has been, a corporation organized and existing

15  under the laws of the State of California with its principal place of business located in the County

16  of Santa Clara, State of California.

17                     **JURISDICTION AND VENUE**

18       43.    This court has jurisdiction pursuant to 28 U.S.C. § 1332.  There is complete

19  diversity between the Plaintiff and each defendant.  The amount in controversy exceeds

20  $75,000.00 (exclusive of interest and attorneys' fees).

21       44.    Venue is proper in this court pursuant to 28 U.S.C. § 1391.  A substantial portion

22  of the activities alleged in the complaint took place in this judicial district.

23                     **GENERAL ALLEGATIONS**

24       45.    At all relevant times, RDS was in the business of operating as a broker between

25  waste-hauling trucking companies and Waste Management.  Plaintiff is informed and believes

26  RDS would negotiate disposal rates with landfills, including Waste Management's Kirby Canyon

27  Landfill (hereinafter "KCL"), and arrange for various trucking companies ("trucking company

28  defendants") to directly deliver their waste product to KCL.  Plaintiff is further informed and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Case5:10-cv-01324-JF   Document34   Filed06/01/10   Page8 of 22

1   believes that RDS was responsible for making payments to Waste Management for loads

2   disposed by the trucking company defendants.

3        46.      At all relevant times, James Lucero and Shelley Lucero were principals of RDS.

4   James Lucero was actively involved in the business and management of RDS's daily operations.

5        47.      At all relevant times, Aracelli Franco was employed by RDS as a billing clerk.

6   Plaintiff is informed and believes Franco prepared weekly customer billings and accounts

7   receivable summaries on behalf of RDS.  Plaintiff is further informed and believes Franco

8   received improper, oral and handwritten weight ticket information from Waste Management

9   employees to facilitate creation of weekly customer billings and accounts receivable summaries.

10       48.      At all relevant times, Elvia Nenque was employed by RDS as a billing clerk.

11  Plaintiff is informed and believed Nenque was Aracelli Franco's predecessor at RDS.

12       49.      At all relevant times, Martha Renteria was employed by RDS as an accountant.

13       50.      At all relevant times, Joe Morse was an employee of Waste Management.

14  Beginning in 2001 through 2008, he was District Manager of Waste Management.

15       51.      At all relevant times, Tom Overton was an employed of Waste Management as the

16  KCL Operations Supervisor.

17       52.      At all relevant times, Richard Andrade was an employee of Waste Management as

18  a KCL Scale House Operator.  Upon information and belief, Andrade prepared improper

19  handwritten weight ticket summaries.

20       53.      At all relevant times, Jose Salvatier was an employee of Waste Management as a

21  KCL Scale House Operator and Spotter/Laborer.  Upon information and belief, Andrade prepared

22  improper handwritten weight ticket summaries.

23       54.      At all relevant times, Daniel Sanchez was an employee of Waste Management as a

24  KCL Heavy Equipment Operator.  Plaintiff is informed and believes Sanchez worked at Waste

25  Management's KCL facility during all relevant times.

26       55.      At all relevant times, Rudy Hernandez was an employee of Waste Management as

27  a KCL Heavy Equipment Operator.  Plaintiff is informed and believes Hernandez worked at

28  Waste Management's KCL facility during all relevant times.

Ropers M ajeski Kohn & Bentley
A Professional Corporation
Los Angeles

56.    At all relevant times, Guillermo Ceballos was an employee of Waste Management as a KCL Heavy Equipment Operator.  Plaintiff is informed and believes Ceballos worked at Waste Management's KCL facility during all relevant times.

57.    At all relevant times, Randy Vargas was an employee of Waste Management as a KCL Heavy Equipment Operator.  Plaintiff is informed and believes Vargas worked at Waste Management's KCL facility during all relevant times.

58.    At all relevant times, Defendants Valley Recycling, Randazzo Enterprises, Dominguez & Sons, Premier Recycling, Pacific Coast Recycling, Gibson's Resource Group, Cal Waste, Accurate Cleaning Systems, Alviso, A&S Metals, D&C Construction, JLV Equipment, DVBE Trucking, Mogalera Trucking, A&A Recycling, Bay Area Hauling Maintenance, Dependable Waste Solutions, Paramount Drywall, RAD Roll-Off, All Trash, Bay Cal Recycling, JM Hauling, Almaden Construction, Del Toro, Espinoza & Daughter Hauling, and Affordable Roofing were RDS trucking customers that hauled and disposed of waste material at Waste Management's KCL disposal site.  Each is referred to herein as a "trucking company defendant."

59.    As the broker between Waste Management and the trucking company defendants, RDS maintained an account with Waste Management for the disposal of waste material by Trucking company defendants.  RDS was obligated to pay Waste Management for all waste disposed of at KCL by the trucking company defendants.

A.    **The Proper Procedure For Disposing Of Waste At KCL**

60.    At all relevant times, the proper procedure for trucks entering KCL with waste material loads required the trucks to be "processed" at the scale house before being permitted to enter and dispose of their loads.  Proper processing entailed the following:  (1) The truck is weighed by Waste Management scale house operators, (2) The waste material is classified as a certain category of waste product by the scale house operator based on inspection of the truck's load, and (3) A computer-generated weight ticket is issued to the truck driver, identifying the total weight, classification of waste, and total cost of disposal for that particular truck.

61.    At all relevant times, the proper procedure for trucks entering KCL also required that a computer-generated weight ticket be issued to the truck driver.  The weight ticket could be

FIRST AMENDED COMPLAINT
CASE NO. CV10-01324 JF

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   issued upon entry or exit.  If the truck's tare weight was stored in Waste Management's computer

2   system, the computer-generated weight ticket would be issued by the scale house operator upon

3   entry and processing.  If the truck's tare weight was not stored in Waste Management's computer

4   system, the empty truck would be weighed on exit and the weight ticket would be issued by the

5   scale house operator upon exit of the KCL facility.

6           62.     At all relevant times, upon processing at the scale house, trucks were then allowed

7   to proceed into KCL.  Trucks were directed by "spotters" to the active disposal site.  The truck

8   driver would then move his truck into a position to dump the waste load at the active site.  Waste

9   Management's "spotters" would verify that the actual waste being disposed matched the

10  classification on the weight ticket.  If the waste classification did not match, the "spotter" was

11  tasked with the responsibility of radioing the scale house operators and notifying them of the

12  discrepancy.  If such discrepancy arose, scale house operators were required to prepare a revised

13  weight ticket and issue it to the truck driver upon exit.  If the classifications matched, the waste

14  load would be dumped at the site, and the truck would be free to exit the landfill.

15  **B.      The Fraud Scheme**

16          63.     National Union is further informed and believes that between December 2005 and

17  in or about May of 2008, trucks of the trucking company defendants, and each of them, entered

18  KCL without proper processing (i.e. without a record of the disposal or misclassifying the

19  material that was disposed); the particular dates on which each trucking company defendant did

20  those acts is attached hereto as Appendices 1-25, attached hereto.  National Union is informed

21  and believes that in or about May of 2008, Waste Management discovered that activity.

22          64.     National Union is informed and believes that KCL employees permitted

23  unprocessed and misclassified loads to enter KCL in exchange for improper monetary payments

24  made to them by RDS and its principals.

25          65.     Specifically, KCL employees permitted trucks from  the trucking company

26  defendants to enter KCL without proper processing.  Entry of those trucks were not recorded in

27  Waste Management's computer system, and computer-generated weight tickets were never

28  created or issued.  Additionally, waste of the trucking company defendants was sometimes

Ropers M ajeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    processed as though the trucks were disposing of, for example, concrete waste loads when in

2    reality the trucks contained construction and demolition waste, which required a higher rate for

3    disposal.

4          66.    National Union is informed and believes that each of the trucking company

5    defendants knew the proper procedures for entering and depositing material at KCL and knew

6    that their loads were not being properly processed because drivers were not given a weight ticket

7    or were given a weight ticket that did not identify the material actually in the truck.  Nevertheless,

8    the trucking company defendants, and each of then, proceeded to dump material at KCL.

9          67.    National Union is informed and believes that each and all of the trucking company

10   defendants, identified in paragraph 58 above, acted in concert with defendants RESOURCE

11   DEVELOPMENT SERVICES, INC., JAMES LUCERO, SHELLEY LUCERO, ARACELLI

12   FRANCO, ELVIA NENQUE, MARTHA RENTERIA, JOE MORSE, TOM OVERTON,

13   RICHARD ANDRADE, JOSE SALVATIER, DANIEL SANCHEZ, RUDY HERNANDEZ,

14   GUILLERMO CEBALLOS, RANDY VARGAS, and conspired to carry out the conduct alleged

15   herein.  By virtue of each trucking company defendant entering onto KCL and dumping waste

16   material without a proper ticket, a conspiracy was formed between each trucking company

17   defendant and each and all other defendants.  National Union is further informed and believes that

18   defendants did these acts and things herein alleged pursuant to, and in furtherance of a

19   conspiracy.  Each and all of the defendants furthered the conspiracy by cooperation with and

20   ratification of each and all of the defendants.

21                     **FIRST CLAIM FOR RELIEF**

22                     **Against All Defendants**

23                   **FRAUDULENT CONCEALMENT**

24         68.    Plaintiff reaffirms and realleges each and every allegations set forth in paragraphs

25   1 through 67.

26         69.    Each and every defendant, acting in concert with one another, intentionally

27   concealed the fact that the trucking company defendants were entering KCL without proper

28   processing, and that RDS was not paying Waste Management for dumping unprocessed or mis-

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    processed loads.

2          70.    Also, each and every defendant, acting in concert with one another, intentionally

3    concealed the fact that Defendants RDS and James Lucero were making illicit payments to Waste

4    Management employees, Joe Morse, Tom Overton, Richard Andrade, Jose Salvatier, Daniel

5    Sanchez, Rudy Hernandez, Guillermo Ceballos, and Randy Vargas, in exchange for allowing

6    trucks of the trucking company defendants to enter KCL without proper processing.

7          71.    Further, each and every defendant, acting in concert with one another, concealed

8    the fact that trucks of the trucking company defendants entering KCL and disposing of waste

9    were not being processed at all or were being intentionally misclassified.

10          72.    Had the true facts about improperly processed loads and illicit payments made to

11    Waste Management employees no been concealed from Waste Management, Waste Management

12    would have prevented the trucking company defendants from entering KCL and disposing of

13    waste.

14          73.    As a direct and proximate cause of said concealment, Plaintiff has been damaged

15    in the amount of $13,019.553.00, or such other amount as may be proved at trial.  Plaintiff has

16    also incurred costs of investigation, in an amount to be proved at trial.  Plaintiff entitled to recover

17    said amount.

18          74.    The wrongful and intentional actions of defendants, and each of them, where

19    fraudulent, intentional, and done with malice.  Plaintiff is entitled to an award of punitive

20    damages.

21                              **SECOND CLAIM FOR RELIEF**

22                       **Against RDS, James Lucero, and Shelley Lucero**

23                **DECEIT (Promise Made With No Intention To Perform)**

24          75.    Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1

25    through 74 above.

26          76.    Defendants James Lucero and Shelley Lucero created the corporate entity of RDS,

27    controlled RDS, and entered into an arrangement with Waste Management whereby the trucking

28    company defendants could dispose of their waste loads at KCL.  Defendants James Lucero and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Shelley Lucero directed the improper activities of RDS.

77.     Each truck of an RDS-brokered trucking company arriving at KCL to dispose of a waste load was a representation by RDS, James Lucero and Shelley Lucero, that RDS would pay all amounts justly due to Waste Management.

78.     Defendants RDS, James Lucero, and Shelley Lucero never intended to perform in accordance with their promise to Waste Management. Defendants bribed Waste Management's employees with improper payments in exchange for Waste Management employees permitting the trucking company defendants to dump their waste loads at KCL without proper processing or by misclassification of waste loads, effectively depriving Waste Management of all amounts justly due.

79.     Defendants, and each of them, had no intention of performing their promises to pay Waste Management the proper amount due for waste disposed of at KCL by the trucking company defendants.

80.     Defendants Aracelli Franco, Elvia Nenque, and Martha Renteria, acting in concert with the other defendants, and as employees and agents of RDS, knew of the other defendants' actions, and willfully conspired and agreed with each and all of the other defendants to conceal the fact that said defendants were bribing Waste Management employees in exchange for permitting unprocessed and misclassified loads to be disposed of at KCL by the trucking company defendants.

81.     Defendants Franco, Nenque, and Renteria knowingly participated in the fraudulent scheme by facilitating illicit payments to Waste Management employees and performing record-keeping functions related to the unprocessed and misclassified loads.

82.     Defendants Joe Morse, Tom Overton, Richard Andrade, Jose Salvatier, Daniel Sanchez, Rudy Hernandez, Guillermo Ceballos, and Randy Vargas knew of the other defendants'' actions, and willfully conspired and agreed with each and all of the other defendants to conceal the fact that said defendants were receiving illicit payments in exchange for permitting unprocessed and misclassified loads to be disposed of at KCL by the trucking company defendants.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

83.     Defendants Morse, Overton, Andrade, Salvatier, Sanchez, Hernandez, Ceballos, and Vargas knowingly participated in the fraudulent scheme by intentionally failing to abide by Waste Management procedures to properly process trucks of the trucking company defendants entering KCL, including the accurate weighing of all trucks, the proper classification of the waste load, and entry of all accurate information into Waste Management's computer system. Additionally, said defendants intentionally ignored and failed to report the dumping of unprocessed and misclassified loads at KCL.

84.     Defendants Valley Recycling, Randazzo Enterprises, Dominguez & Sons, Premier Recycling, Pacific Coast Recycling, Gibson's Resource Group, Cal Waste, Accurate Cleaning Systems, Alviso, A&S Metals, D&C Construction, JLV Equipment, DVBE Trucking, Mogalera Trucking, A&A Recycling, Bay Area Hauling Maintenance, Dependable Waste Solutions, Paramount Drywall, RAD Roll-Off, All Trash, Bay Cal Recyling, JM Hauling, Almaden Construction, Del Toro, Espinoza & Daughter Hauling, and Affordable Roofing, knowingly and willfully conspired and agreed with Defendants RDS, James Lucero, Shelley Lucero, Aracelli Franco, Elvia Nenque, Martha Renteria, Joe Morse, Tom Overton, Richard Andrade, Jose Salvatier, Daniel Sanchez, Rudy Hernandez, Guillermo Ceballos, and Randy Vargas to conceal the fact that their trucks were not properly processed so that full payment need not be made to Waste Management.

85.     Each and all of the defendants did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.  Each and all of the defendants furthered the conspiracy by cooperation with and ratification of each and all of the defendants.

86.     Plaintiff detrimentally relied on Defendants RDS, James Lucero, and Shelley Lucero's promise to pay all amount justly due for loads dumped at KCL by the trucking company defendants by permitting significant amount of waste load to be disposed of at KCL.

87.     The intentional and wrongful actions of the defendants, and each of them, as set forth above, are the direct and proximate cause of damages sustained by Plaintiff in the amount of $13,019.553.00, or such other amount as may be proved at trial.  Plaintiff has also incurred costs

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

- 14 -                FIRST AMENDED COMPLAINT
CASE NO. CV10-01324 JF

1   of investigation, in an amount to be proved at trial.  Plaintiff entitled to recover said amount.

2        88.    The wrongful and intentional actions of defendants, and each of them, were

3   fraudulent, intentional, and done with malice.  Plaintiff is entitled to an award of punitive

4   damages.

### THIRD CLAIM FOR RELIEF

**Against Defendants Joe Morse, Tom Overton, Richard Andrade, Jose Salvatier, Daniel Sanchez, Rudy Hernandez, Guillermo Ceballos, and Randy Vargas**

### BREACH OF FIDUCIARY DUTY

9        89.    Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1

10   through 88 as though fully set forth herein.

11        90.    As District Manager of Waste Management, National Union's predecessor-in-

12   interest, Defendant Morse was an officer, employee, and agent, entrusted with authority to

13   oversee the operations of Waste Management.  Defendant Morse owed a fiduciary duty to Waste

14   Management.

15        91.    As KCL Operations Manager of Waste Management, National Union's

16   predecessor-in-interest, Defendant Overton was an officer, employee, and agent, entrusted with

17   authority to oversee the day-to-day operations of Waste Management's KCL facility.  Defendant

18   Overton owed a fiduciary duty to Waste Management.

19        92.    All the other employees of Waste Management owed a duty of fiduciary duty to

20   Waste Management.

21        93.    Defendant Morse and Overton, and the others' receipt of illicit payments from

22   RDS and James Lucero in exchange for permitting the unprocessed and misclassified dumping of

23   waste loads from the trucking company defendants at KCL, with knowledge that Plaintiff would

24   not receive compensation for those unprocessed and misclassified loads was a breach of

25   Defendants' fiduciary duties to Plaintiff

26        94.    As a direct and proximate cause of said breach of fiduciary duty, Plaintiff has been

27   damaged in the amount of $13,019.553.00, or such other amount as may be proved at trial.

28   Plaintiff has also incurred costs of investigation, in an amount to be proved at trial.  Plaintiff

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1    entitled to recover said amount.

2       95.    Said defendants' intentional breach of duty as set forth above constitutes malice

3    and fraud, giving rise to an award of punitive damages, and Plaintiff is entitled to an award of

4    punitive damages.

5                              **FOURTH CLAIM FOR RELIEF**

6                                  **Against ALL Defendants**

7                                       **CONVERSION**

8       96.    Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1

9    through 95 as though fully set forth herein.

10      97.    The intentional and wrongful actions of Defendants, and each of them, acting in

11   concert, were made with the specific intent to deprive Plaintiff of its funds and to improperly

12   convert such funds to their own use and benefit.  The intentional and wrongful conversion by

13   Defendants of Plaintiff's funds have proximately caused Plaintiff to sustain damages in excess of

14   $13,019.553.00.

15      98.    Plaintiff is entitled to an award of damages in the amount of $13,019.553.00

16   according to proof at time of trial.  Plaintiff has also incurred costs of investigation, in an amount

17   to be proved at trial.

18      99.    The Defendants' acts alleged above were willful, wanton, malicious, oppressive,

19   and undertaken with the intent to defraud, and justifies the awarding of exemplary and punitive

20   damages.

21                               **FIFTH CLAIM FOR RELIEF**

22                                  **Against ALL Defendants**

23                                   **CONSTRUCTIVE TRUST**

24      100.   Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1

25   through 99 as though fully set forth herein and further alleges as follows:

26      101.   As set forth above, Defendants obtained Plaintiff's funds fraudulently, through

27   false pretenses and/or wrongfully diverted such funds from the purpose for which they were

28   intended, and have diverted and converted such funds for their own use.

Ropers M ajeski Kohn & Bentley
A Professional Corporation
Los Angeles

102.    Upon information and belief, Defendants have diverted Plaintiff's funds to the acquisition of real and personal property for the benefit, use, and enjoyment of Defendants and Defendants hold such real and personal property constructively in trust for Plaintiff's benefit.

103.    By virtue of the foregoing, Plaintiff seeks an order imposing a constructive trust on all real and personal property acquired by Defendants with any or all of the $13,019.553.00 wrongfully converted, directed and retained by Defendants, and each of them.  Plaintiff has also incurred costs of investigation, in an amount to be proved at trial.  Plaintiff is entitled to recover said amount.

## SIXTH CLAIM FOR RELIEF

### Against Defendants RDS, James Lucero, and Shelley Lucero

### ALTER EGO

104.    Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1 through 103 as though fully set forth herein.

105.    Defendant James Lucero and Shelley Lucero directed the bad acts of RDS.

106.    Defendants RDS, James Lucero, and Shelley Lucero, and each of them, are each the alter ego of the other in that there is such a unity of interest and ownership that one is inseparable from the other and adherence to the fiction of separate entities would sanction a fraud and promote injustice and Plaintiff seeks a determination from the Court that each RDS is the alter ego of  James Lucero and Shelley Lucero.

## SEVENTH CLAIM FOR RELIEF

### Against Defendants Valley Recycling, Randazzo Enterprises, Dominguez & Sons, Premier Recycling, Pacific Coast Recycling, Gibson's Resource Group, Cal Waste, Accurate Cleaning Systems, Alviso, A&S Metals, D&C Construction, JLV Equipment, DVBE Trucking, Mogalera Trucking, A&A Recycling, Bay Area Hauling Maintenance, Dependable Waste Solutions, Paramount Drywall, RAD Roll-Off, All Trash, Bay Cal Recycling, JM Hauling, Almaden Construction, Del Toro, Espinoza & Daughter Hauling, and Affordable Roofing

### TRESPASS

107.    Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1 through 67 as though fully set forth herein and further alleges as follows:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Case5:10-cv-01324-JF   Document34   Filed06/01/10   Page18 of 22

108.   At all relevant times Plaintiff's subrogor, Waste Management, was in lawful possession of the real property known as the KCL.

109.   Waste Management did not give permission to enter the KCL with waste to be dumped without proper processing of the waste. Waste Management did not consent to entry without proper processing.

110.   Trucking company defendants, and each of them, named in this claim for relief entered upon the KCL land without the consent of Waste Management and wrongfully disposed of waste material.

111.   Plaintiff is informed and believes that each trucking company defendant intentionally canceled its trespass.

112.   Plaintiff has been damaged in an amount as to each trucking company defendant as proved at trial, but totaling more than $13,000,000.

## EIGHTH CLAIM FOR RELIEF

**Against Defendants Valley Recycling, Randazzo Enterprises, Dominguez & Sons, Premier Recycling, Pacific Coast Recycling, Gibson's Resource Group, Cal Waste, Accurate Cleaning Systems, Alviso, A&S Metals, D&C Construction, JLV Equipment, DVBE Trucking, Mogalera Trucking, A&A Recycling, Bay Area Hauling Maintenance, Dependable Waste Solutions, Paramount Drywall, RAD Roll-Off, All Trash, Bay Cal Recycling, JM Hauling, Almaden Construction, Del Toro, Espinoza & Daughter Hauling, and Affordable Roofing**

### INVASION OF RIGHT OF PRIVATE OCCUPANCY

113.   Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1 through 67 and 108 through 111 as though fully set forth herein, and further alleges as follows:

114.   Trucking company defendants, and each of them, named in this claim for relief wrongfully entered upon the premises of Waste Management.

115.   Said wrongful entry upon the premises interfered with Waste Management's enjoyment of its real property by physically interfering with its ability to use a portion of the property for landfill purposes.

116.   Plaintiff is informed and believes that each defendant intentionally canceled its wrongful entry .

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1     117.   Plaintiff has been damaged in an amount as to each defendant as proved at trial,

2   but totaling more than $13,000,000.

3

4                  **NINTH CLAIM FOR RELIEF**

5   **Against Defendants Valley Recycling, Randazzo Enterprises, Dominguez & Sons, Premier Recycling, Pacific Coast Recycling, Gibson's Resource Group, Cal Waste, Accurate**

6   **Cleaning Systems, Alviso, A&S Metals, D&C Construction, JLV Equipment, DVBE Trucking, Mogalera Trucking, A&A Recycling, Bay Area Hauling Maintenance,**

7   **Dependable Waste Solutions, Paramount Drywall, RAD Roll-Off, All Trash, Bay Cal Recycling, JM Hauling, Almaden Construction, Del Toro, Espinoza & Daughter Hauling,**

8                 **and Affordable Roofing**

9             **NEGLIGENT DISPOSAL OF MATERIAL**

10     118.   Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1

11   through 67 as though fully set forth herein and further alleges as follows:

12     119.   In the alternative, trucking company defendants, and each of them, named in this

13   claim for relief negligently disposed of waste material on land owned by Waste Management.

14     120.   Each trucking company defendant owed a duty of care to Waste Management not

15   to improperly dispose of material on Waste Management premises without proper authorization

16   and proper disclosure to Waste Management.

17     121.   The negligent disposal of waste at KCL by each trucking company defendant

18   resulted in loss of use of a portion of KCL.

19     122.   Plaintiff is informed and believes that each defendant intentionally canceled its

20   negligent disposal activities.

21     123.   Plaintiff has been damaged in an amount as to each defendant as proved at trial,

22   but totaling more than $13,000,000.

23                 **TENTH CLAIM FOR RELIEF**

24   **Against Defendants Valley Recycling, Randazzo Enterprises, Dominguez & Sons, Premier Recycling, Pacific Coast Recycling, Gibson's Resource Group, Cal Waste, Accurate**

25   **Cleaning Systems, Alviso, A&S Metals, D&C Construction, JLV Equipment, DVBE Trucking, Mogalera Trucking, A&A Recycling, Bay Area Hauling Maintenance,**

26   **Dependable Waste Solutions, Paramount Drywall, RAD Roll-Off, All Trash, Bay Cal Recycling, JM Hauling, Almaden Construction, Del Toro, Espinoza & Daughter Hauling,**

27                 **and Affordable Roofing**

28

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Los Angeles*

RC1/5588003.1/AES          - 19 -          FIRST AMENDED COMPLAINT
                                                            CASE NO. CV10-01324 JF

### AIDING AND ABETTING FRAUD

124.    Plaintiff reaffirms and realleges each and every allegation set forth in paragraphs 1 through 88 as though fully set forth herein and further alleges as follows:

125.    The participation of each defendant named in this claim for relief was necessary to carry out the wrongful activity.

126.    Plaintiff is informed and believes that each of the trucking company defendants named in this cause of action, including managing persons of each trucking company defendant, knew that other defendants (RESOURCE DEVELOPMENT SERVICES, INC., JAMES LUCERO, SHELLEY LUCERO, ARACELLI FRANCO, ELVIA NENQUE, MARTHA RENTERIA, JOE MORSE, TOM OVERTON, RICHARD ANDRADE, JOSE SALVATIER, DANIEL SANCHEZ, RUDY HERNANDEZ, GUILLERMO CEBALLOS, RANDY VARGAS) were engaged in a fraudulent concealment and nevertheless facilitated the ultimate objective of the fraudulent concealment.  Plaintiff is informed and believes that each corporate entity had actual knowledge of the wrongful activity as alleged herein.

127.    Plaintiff is informed and believes that each defendant intentionally canceled its activities in furtherance of the scheme.

128.    Plaintiff has been damaged in an amount as to each defendant as proved at trial, but totaling more than $13,000,000.

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendants, jointly and separately as follows:

1.    For an award of damages in the amount of $13,019.553.00 according to roof at time of trial, and related costs of investigation in an amount to be proved at time of trial, together with interest accruing from the time such damages were sustained;

2.    For an award of exemplary or punitive damages;

3.    For an Order imposing a constructive trust on real and personal property purchased by each defendant with money that was wrongfully diverted, converted, and misappropriated from Waste Management;

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

4.      For a determination by the Court that each corporate defendant, RDS, is the alter

ego of each individual defendant James Lucero and Shelley Lucero, and that the existence of a

separate entity does not exist;

5.      For an award of the reasonable costs incurred in this matter; and

6.      For any and all such further relief as this Court finds just and proper to award

under the circumstances.


Dated: June 1, 2010                          ROPERS, MAJESKI, KOHN & BENTLEY


                                             By:  /s/ Arnold E. Sklar
                                                  ERNEST E. PRICE (Cal. SBN 164534)
                                                  eprice@rmkb.com
                                                  ARNOLD E. SKLAR (Cal. SBN 51595)
                                                  asklar@rmkb.com
                                                  EUGENE S. SUH (Cal. SBN 245313)
                                                  esuh@rmkb.com
                                                  Attorneys for Plaintiff
                                                  NATIONAL UNION FIRE INSURANCE
                                                  COMPANY OF PITTSBURGH, PA


## DEMAND FOR TRIAL BY JURY

Plaintiff National Union Fire Insurance of Pittsburgh, P.A. hereby demands a trial

by jury in the above-entitled case.

Dated: June 1, 2010                          ROPERS, MAJESKI, KOHN & BENTLEY


                                             By:  /s/ Arnold L. Sklar
                                                  ERNEST E. PRICE (Cal. SBN 164534)
                                                  eprice@rmkb.com
                                                  ARNOLD E. SKLAR (Cal. SBN 51595)
                                                  asklar@rmkb.com
                                                  EUGENE S. SUH (Cal. SBN 245313)
                                                  esuh@rmkb.com
                                                  Attorneys for Plaintiff
                                                  NATIONAL UNION FIRE INSURANCE
                                                  COMPANY OF PITTSBURGH, PA

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

CASE NAME:        *National Union Fire Insurance Company of Pittsburgh, PA v. Resource Development Services, Inc., et al.*

ACTION NO.:       CV10-01324 JF                USDC, California Northern District
                                                                (San Jose)

## CERTIFICATE OF SERVICE

I hereby certify that the **FIRST AMENDED COMPLAINT FOR:**
**1. FRAUD – CONCEALMENT; 2. FRAUD; 3. BREACH OF FIDUCIARY DUTY**
**4. CONVERSION; 5. CONSTRUCTIVE TRUST; 6. ALTER EGO; 7. TRESPASS**
**8. INVASION OF RIGHT OF PRIVATE OCCUPANCY; 9.   NEGLIGENT DISPOSAL**
**OF MATERIAL; 10. AIDING AND ABETTING FRAUD**

**DEMAND FOR JURY TRIAL** was served on the following persons on this date and in the

manner specified herein:

⊠     **Electronically Serviced Through ECF:**

Lawrence P. Ramirez          lpramirez@thellg.com
Lindsey R. Adams             ladams@thellg.com
Edward F. Cullen             ecullen@wpclaw.com
Amy R. Carlson               amy@calemploy.com
Yesenia Marisol Santa Cruz   ysantacruz@efplawgroup.com


☐     **Conventionally Served:**




Dated:  June 1, 2010

                                        */s/  Arnold E. Sklar*
                                        Arnold E. Sklar
                                        ROPERS, MAJESKI, KOHN & BENTLEY
                                        515 South Flower Street, Suite 1100
                                        Los Angeles, CA  90071
                                        Telephone:     (213) 312-2000
                                        Facsimile:     (213) 312-2001
                                        Email:         asklar@rmkb.com

Ropers M ajeski Kohn & Bentley
A Professional Corporation
Los Angeles

## Complaints and Other Initiating Documents

5:10-cv-01324-JF National Union Fire Insurance Company of Pittsburgh, PA et al v. Resource Development Services, Inc. et al

ADRMOP, E-Filing

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

---

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

---

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
***If there is no second hyperlink, there is no electronic document available .***
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

---

The following transaction was received from by Sklar, Arnold entered on 6/1/2010 9:02 AM and filed on 6/1/2010

| | |
|---|---|
| **Case Name:** | National Union Fire Insurance Company of Pittsburgh, PA et al v. Resource Development Services, Inc. et al |
| **Case Number:** | 5:10-cv-01324-JF |
| **Filer:** | National Union Fire Insurance Company of Pittsburgh, PA |
| **Document Number:** | 34 |

**Docket Text:**
**AMENDED COMPLAINT** *(First) for 1. Fraud-Concealment; 2. Fraud; 3. Breach of Fiduciary Duty; 4. Conversion; 5. Constructive Trust; 6. Alter Ego; 7. Trespass; 8. Invasion of Right of Private Occupancy; 9. Negligent Disposal of Material; 10. Aiding and Abetting Fraud* **against A&A Recycling, A&S Metals, Accurate Cleaning Systems, Affordable Roofing, All Trash, Almaden Construction, Alviso, Richard Andrade, Bay Area Hauling Maintenance, Bay Cal Recycling, Cal Waste, Guillermo Ceballos, D&C Construction, DVBE Trucking, Del Toro, Dependable Waste Solutions, Dominguez & Sons, Espinoza & Daughter Hauling, Aracelli Franco, Gibson's Resource Group, Rudy Hernandez, JLV Equipment, JM Hauling, James Lucero, Shelley Lucero, Joe Morse, Elvia Nenque, Nogalera Trucking, Tom Overton, Pacific Coast Recycling, Paramount Drywall, Premier Recycling, Rad Roll-Off, Randazzo Enterprises, Martha Renteria, Resource Development Services, Inc., Jose Salvatier, Daniel Sanchez, Valley Recycling, Randy Vargas. Filed byNational Union Fire Insurance Company of Pittsburgh, PA.**

**(Sklar, Arnold) (Filed on 6/1/2010)**

**5:10-cv-01324-JF Notice has been electronically mailed to:**

Amy Richelle Carlson     amy@calemploy.com

Arnold Everett Sklar     asklar@rmkb.com, aarriola@rmkb.com, khammond@rmkb.com, kkakiuchi@rmkb.com

Edward F. Cullen     ecullen@wpclaw.com

Ernest E Price     eprice@rmkb.com, aarriola@rmkb.com, kkakiuchi@rmkb.com, mhinojosa@rmkb.com

Eugene Samuel Suh     esuh@rmkb.com

Lawrence Pedro Ramirez     lpramirez@thellg.com, lindsayadams@gmail.com, mlopez@thellg.com

Lindsey Renee Adams     ladams@thellg.com

Yesenia Marisol Santacr uz     ysantacruz@efplawgroup.com

**5:10-cv-01324-JF Please see <u>General Order 45 Section IX C.2 and D</u>; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\kh\My Documents\E-Filing\RMKB-#5588003-v1-first_amended_complaint.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=6/1/2010] [FileNumber=6406632-0] [
55428238b07f6477d9d0506b02b09df156a9cd7fc74fe0a0ec3ca1f6c2b83b9a787427
d644d2d6c58a2c4bd3d6eb37828a9a12c33e0fcb0659de374558ea3281]]