Steven E. Springer, SBN 180874
Law Offices of Steven E. Springer
16360 Monterey Road, Ste 180
Morgan Hill, CA 95037
Tele  408-779-4700,  Fax  408-779-4483

Attorneys for Defendant: Pacific Coast Recycling, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, a
Pennsylvania Corporation

          Plaintiff,

    v.

RESOURCE DEVELOPMENT SERVICES,
INC., JAMES LUCERO, et. al,

        Defendants

No.  CV 10-01324  JF

**NOTICE OF DEFENDANT
PACIFIC COAST RECYCLING'S,
MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED
COMPLAINT AND MOTION FOR
A MORE DEFINITE STATEMENT**

**Judge: The Hon. Jeremy Fogel
Time:   9:00 AM
Date:    Friday August 20, 2010
Ctrm:   Three
Floor:   Fifth**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that STEVEN E. SPRINGER, LAW OFFICES OF STEVEN E.

SPRINGER, hereby enters their appearance on behalf of Defendant PACIFIC COAST

RECYCLING will make this motion for hearing before this Court on Friday August 20, 2010 at

9:00 AM or as soon thereafter as the matter can be heard, in Courtroom No. 3 on the Fifth Floor

of the United States Courthouse located at 280 South 1st Street San Jose, California 95113 to

dismiss Plaintiff's First Complaint. Please take further notice that Defendant PACIFIC COAST

RECYCLING will further move for a more definite statement.

//

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.    CV 10-01324  JF
Defendant PCR's 12(b)(6) Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement   Page  1 of 3

## RELIEF SOUGHT & GROUNDS FOR RELIEF

PACIFIC COAST RECYCLING, Defendant, moves the Court to dismiss all claims in the First Amended Complaint as against PACIFIC COAST RECYCLING on the grounds detailed below. Defendant PACIFIC COAST RECYCLING additionally moves this Court to order Plaintiff to provide a more definite statement as to the Seventh, Eighth, Ninth, and Tenth causes of action.

### Motion to Dismiss

Defendant PACIFIC COAST RECYCLING moves to dismiss Plaintiff's First Amended Complaint on the following grounds:

1. Plaintiff's First Cause of Action (Fraudulent Concealment) fails to state a claim upon which relief can be granted and warrants dismissal. Fed. R. Civ. P. 12(b)(6). Plaintiffs have not pled their allegations of Fraud with the requisite specificity. Fed. R. Civ. P. 9(b).

2. Plaintiff's First (Fraud), Forth (Conversion), Fifth (Constructive Trust), Seventh (Trespass), Eighth (Invasion of Right to Private Occupancy), Ninth (Negligent Disposal of Material), and Tenth (Aiding and Abetting Fraud) causes of action against Defendant Valley Recycling fail to state a claim upon which relief can be granted and warrant dismissal. Fed. R. Civ. P. 12(b)(6). Plaintiff has inadequately pled Defendant PACIFIC COAST RECYCLING's participation in a civil conspiracy to defraud Plaintiff, and thus failed to adequately plead Plaintiff's sole theory of liability for Defendant PACIFIC COAST RECYCLING. Fed. R. Civ. P. 9(b).

3. Plaintiff's Fourth (Conversion), Fifth (Constructive Trust), Seventh (Trespass), and Ninth (Negligent Disposal of Material) fail to state a claim upon which relief can be granted for the duration of period of time enumerated by defendant. Fed. R. Civ. P. 12(b)(6). Plaintiff's claims are limited by the relevant statutes of limitations. Cal. Civ. Code §§ 338(b), 338©.

//

//

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.                CV 10-01324   JF
Defendant PCR's 12(b)(6) Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement     Page  2 of 3

**Motion for a More Definite Statement**

1. Defendant PACIFIC COAST RECYCLING further moves for a more definite statement of any claims that are not dismissed, pursuant to Fed. R. Civ. P. 12(e). Plaintiff's Seventh Cause of Action (Trespass), Eighth Cause of Action (Invasion of Right to Private Occupancy), Ninth Cause of Action (Negligent Disposal of Material), and Tenth Cause of Action (Aiding and Abetting Fraud) are vague and ambiguous such that Defendant PACIFIC COAST RECYCLING cannot reasonably respond.

**RECORD SUPPORTING MOTION**

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and the pleadings and papers on file in this action, and any further evidence or argument that the Court may properly receive at or before the hearing.

Respectfully submitted,

DATED: June 28, 2010

Law Offices of Steven E. Springer

/S/

_____
Steven E. Springer
Attorneys for Pacific Coast Recycling, Inc.
erroneously sued as Pacific Coast Recycling

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324  JF
Defendant PCR's 12(b)(6) Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement     Page  3 of 3

1  Steven E. Springer, SBN 180874
   Law Offices of Steven E. Springer
2  16360 Monterey Road, Ste 180
   Morgan Hill, CA 95037
3  Tele  408-779-4700,  Fax  408-779-4483

4  Attorneys for Defendant: Pacific Coast Recycling, Inc.

5                UNITED STATES DISTRICT COURT

6                NORTHERN DISTRICT OF CALIFORNIA

7                      SAN JOSE DIVISION

8

9

10  NATIONAL UNION FIRE INSURANCE          No.  CV 10-01324  JF
    COMPANY OF PITTSBURGH, PA, a
11  Pennsylvania Corporation               **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN SUPPORT OF**
12              Plaintiff,                 **DEFENDANT PACIFIC COAST**
                                           **RECYCLING'S MOTION TO**
        v.                                 **DISMISS PLAINTIFF'S FIRST**
13                                         **AMENDED COMPLAINT AND**
    RESOURCE DEVELOPMENT SERVICES,         **MOTION FOR A MORE DEFINITE**
14  INC., JAMES LUCERO, et. al,            **STATEMENT**

15              Defendants

16                                         **Judge: The Hon. Jeremy Fogel**
                                           **Time:  9:00 AM**
17                                         **Date:   Friday August 20, 2010**
                                           **Ctrm: Three**
18                                         **Floor: Fifth**

19

20

21

22

23

24

25

26

27

28

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California,  95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324   JF
Defendant PCR's Motion to Dismiss the 1ˢᵗ Amended Complaint and for a More Definitive Statement

**Memorandum of Points & Authorities in Support of Defendant's
Motion to Dismiss and Motion for a More Definite Statement**

## TABLE OF CONTENTS

**INTRODUCTION** ...........................................................................................1

**ISSUES TO BE DECIDED**.............................................................................1

**FACTUAL BACKGROUND**.............................................................................2

**I. ARGUMENT**...............................................................................................3

    A. **THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE
        TO MEET THE REQUISITE PLEADINGS STANDARDS**..................................3

        i. The Plaintiff Has Not Adequately Pled Civil Conspiracy and Thus all
        Other Causes of Action Against PACIFIC COAST RECYCLING Should be
        Dismissed in Light of the Failure of Plaintiff's Sole Theory Of Liability...............4

        ii. Plaintiff Has Not Adequately Pled Fraudulent Concealment or Aiding and
        Abetting Fraud, and its First and Tenth Causes of Action Should be Dismissed ...6

        iii. Plaintiff Has Not Adequately Pled Conversion, and its Fourth Cause of Action
        Should be Dismissed...............................................................................8

        iv. The Statute Of Limitations Restricts Plaintiff's Claims for Conversion and
        Constructive Trust.................................................................................8

        v. Plaintiff Has Not Adequately Pled Constructive Trust, and its Fifth Cause of
        Action Should be Dismissed ....................................................................9

        vi. Plaintiff Has Not Adequately Pled Unauthorized or Wrongful Entry, and its
        Seventh and Eighth Causes of Action Should be Dismissed.................................9

        vii. The Statute Of Limitations Restricts Plaintiff's Claims for Trespass.............10

        viii. Plaintiff Has Not Adequately Pled Negligent Disposal of Material, and its
        Ninth Cause of Action Should be Dismissed ......................................................10

        ix. The Statute Of Limitations Restricts Plaintiff's Claims for Damage to Real
        Property ...............................................................................................11

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.        CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement

**B. DEFENDANT IS ENTITLED TO A CLEARER STATEMENT OF PLAINTIFF'S CLAIMS**................................................................11

    i. Plaintiff's Seventh, Eighth, Ninth, and Tenth Causes of Action are So Ambiguous that Defendant VR Cannot Reasonably Craft a Reply to the Allegations as a Whole, and a Clearer Statement is Required .........11

**CONCLUSION** ...................................................................................13

## TABLE OF AUTHORITIES

### CASES

Ach v. Finkelstein, 264 Cal. App. 2d 667, 674 (1968) .............................................6

Balisteri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ......................3

Bell Atlantic v. Twombly, 550 U.S. 544 (2007)...................................................3,5

Civil Western Corp. v. Zila Industries, Inc. 66 Cal. 3d 1, 16 (1977)........................9

Hartford Financial Corp. v. Burns, 96 Cal.App. 3d 591 (2d Dist. 1979)..................8

Idema v. Dreamworks, Inc., 162 F.Supp. 2d 1129 (C.D. Cal. 2001), aff'd in part, dismissed in part, 90 Fed.Appx. 496 (9th Cir. 2003), as amd'd after denial of reh'g (March 9, 2004) ..............................................................................................4

In re Stat. Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) .................................4

Johnson v. First Fed. Bank of Cal., U.S. Dist. LEXIS 98930 (N.D. Cal. Nov. 26, 2008).........6

Neubroner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)...............................................4

People v. Beaumont Inv., Ltd., 111 Cal. App. 4th 102 (6th Dist. 2003) ....................5

Shahood v. Calvin, 154 Cal. App. 2d 745, 748 (1957)..............................................8

Spreewell v. Golden State Warriors, 266 F.3d 979, 980 (9th Cir. 2001) ..............3, 9

Swierkeiwicz v. Sorema N.A., 534 U.S. 506, 512 (2002) ........................................11

Tarmann v. State Farm Mutual Auto Insurance Co., 2 Cal.App.4th 153, 157 (1991)........6, 7-8

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement

CV 10-01324  JF

1   <u>U.S. ex. rel. Wilson v. Kellogg Brown & Root, Inc.</u>, 525 F.3d 370, 379 27 I.E.R. Cas.
    (BNA) 1155 (4th Cir. 2008)..................................................................................6

2   <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1105 (2003) ...................................4, 5, 8

3

4                                    <u>STATUTES</u>

5   Cal. Civ. Code section 338(b)............................................................................10, 11

6   Cal. Civ. Code section 338(c) ...................................................................................8

7   Cal. Civ. Code section 1714(a) ...............................................................................10

8   Cal. Civ. Code section 3281 ....................................................................................10

9   Cal. Civ. Code section 3282 ....................................................................................10

10  Cal. Civ. Code section 3333 ....................................................................................10

11  Fed. R. Civ. P. 9(b) ...................................................................................................4

12  Fed. R. Civ. P. 12(b)(6)..............................................................................................3

13  Fed. R. Civ. P. 12(e) ................................................................................................11

14

15

16                          <u>SUPPLEMENTAL SOURCES</u>

17  Witkin, Cal. Proc., Pleadings §668 at 123 (4th ed. 1997)..........................................6

18

19

20

21

22

23

24

25

26

27

28

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.                    CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1ˢᵗ Amended Complaint and for a More Definitive Statement

**INTRODUCTION**

Defendant PACIFIC COAST RECYCLING, INC., erroneously sued as PACIFIC COAST RECYCLING, (hereinafter "PCR") is a business that has operated a recycling center in California for many years. PCR's sole connection to these proceedings is that it contracted with RESOURCE DEVELOPMENT SERVICES, INC. (hereinafter "RDS") to dispose of various forms of material at facilities operated by Waste Management, Corp. This includes regular disposal at Waste Management Corp.'s Kirby Canyon Landfill. All such transactions have been made in the ordinary and proper course of business; PCR has not been a part of any fraudulent scheme.

Plaintiff has filed a Complaint alleging fraud and conspiracy against no fewer than 38 defendants. Even in Plaintiff's now Amended Complaint, the only affirmative wrongdoing alleged is on the part of Waste Management employees at the Kirby Canyon Landfill facility. It still appears that Plaintiff has simply named as a defendant each trucking company contracted through RDS to dispose of material at the landfill facility during a two-and-a-half year period in an effort to find out which defendants might have actually been involved in a deceptive scheme. Plaintiff has failed to meet the pleading standards requisite for fraud, or any other cause of action stated in the First Amended Complaint against Defendant PCR.

This is particularly the type of kitchen-sink pleading that necessitates that this Court demand, now, that the pleadings comport with the pertinent standards or dismiss all claims. In light of the continuing deficiencies in the now amended pleadings, PCR respectfully request this Court grant its Motion to Dismiss without leave to amend. In the alternative, Defendant PCR respectfully requests the Court direct the Plaintiff to clarify and supplement its pleadings so that claims are adequately and clearly set forth against Defendant PCR.

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement

CV 10-01324  JF
Page 1 of  13

1

2                        **ISSUES TO BE DECIDED**

3        1) Does Plaintiff's continuing failure to adequately and sufficiently plead Valley

4   Recycling's involvement in the fraudulent scheme alleged in Plaintiff's First Amended

5   Complaint require dismissal of all causes of action against Defendant PACIFIC COAST

6

7   RECYCLING?

8        2) Does the ambiguity in the pleading of Plaintiff's Seventh, Eighth, Ninth, and Tenth

9   Causes of Action demand a more definite statement of the claims?

10

11                        **FACTUAL BACKGROUND**

12

13       Defendant PACIFIC COAST RECYCLING ("PCR") owns and operates a disposal site

14   and recycling center. The company incorporated in May of 1996,. At its height, PCR employed as

15   many as 25 people; it presently employs 15.  PCR contracted with RESOURCE

16   DEVELOPMENT SERVICES, INC. ("RDS") in 2006 through 2008, and its trucks disposed of

17   various forms of material at Waste Management, Corp. (hereinafter "Waste Management")

18   facilities.  Material was disposed of at such facilities, including the Kirby Canyon Landfill facility,

19

20   on an irregular basis. See Append. 5, attached to First Amd. Compl ("FAC")

21       Plaintiff alleges that in or about May of 2008 Waste Management discovered that loads

22   of various material disposed of by trucking companies contracted through RDS to deliver to the

23   Kirby Canyon Landfill (hereinafter "KCL") facility had been misclassified or mis-weighed to

24   permit a reduced rate for disposal. FAC at ¶63. Plaintiff alleges RDS employees made monetary

25   payments to employees at the KCL facility in exchange for such misprocessing and

26

27   misclassifying of loads. Id. at ¶64. Plaintiff NATIONAL UNION FIRE INSURANCE

28

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California,  95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324   JF
Defendant PCR's Motion to Dismiss the 1ˢᵗ Amended Complaint and for a More Definitive Statement          Page 2 of  13

1   COMPANY OF PITTSBURGH (hereinafter "National Union" or "Plaintiff") became subrogated

2   to the claim of Waste Management, and now stands in the place and stead of Waste Management

3   in the present action. Id. at ¶2. Plaintiff has filed suit against 25 businesses and 13 individuals,

4   alleging conspiracy to commit fraud and other civil wrongs against Waste Management.

5   Defendant PCR is one of these 25 businesses.  Plaintiff National Union filed suit March 29, 2010

6

7   in the United States District Court for the Northern District of California. Defendant PCR was

8   served the First Amended Complaint in June 2010 after other parties declined to proceed before a

9   magistrate judge, resulting in a transfer of this matter to the Hon. Judge Jeremy Fogel.

10

11

12

13

14   **I. ARGUMENT**

15

16       **A. THE COURT SHOULD DISMISS PLAINTIFF'S CLAIMS FOR FAILURE
          TO MEET THE REQUISITE PLEADINGS STANDARDS**

17

18           Dismissal is proper where the Complaint fails to state sufficient facts alleged under a

19

20   cognizable legal theory. Fed. R. Civ. P. 12(b)(6); Balisteri v. Pacifica Police Dept., 901 F.2d

21   696, 699 (9th Cir. 1990). In its review of a Complaint, the Court need not accept as true any

22   unwarranted deductions, unreasonable inferences, conclusory allegations or legal

23   characterizations contained therein. Spreewell v. Golden State Warriors, 266 F.3d 979, 980 (9th

24   Cir. 2001). Most notably, as of the Supreme Court's landmark decision in Bell Atlantic v.

25   Twombly, 550 U.S. 544 (2007), the Complaint must set forth sufficient factual allegations to

26

27   raise the right to relief above the speculative level. Id. at 555. The additional and heightened

28

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.                    CV 10-01324   JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement         Page 3 of  13

requirements of particularity of Rule 9(b), specifically, serve to deter the filing of complaints as a

pretext for the discovery of unknown wrongs and to prohibit plaintiffs from unilaterally

imposing upon the court, the parties, and society enormous social and economic costs absent

some factual basis. In re Stat. Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996). This is

precisely the type of pretextual filing of costly litigation that this pleading standard is meant to

preclude.

Allegations of fraud must be pled with specificity or particularity. Fed. R. Civ. P. 9(b).

To comply with the requirements of Rule 9(b), allegations of fraud must be specific enough to

give defendants notice of the particular misconduct that is alleged to constitute the fraud charged,

so that they can defend against the charge and not just deny that they have done anything wrong.

Neubroner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993). When the plaintiff alleges a unified

course of fraudulent conduct, and relies entirely on that course of conduct as the basis for the

claim, the pleadings of that clam as a whole must satisfy the particularity requirements of Rule

9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1105 (2003). Here Plaintiff has alleged six

causes of action against Defendant PCR, however, all are grounded in a conspiracy to defraud

Waste Management. As such, Plaintiff must adhere to the heightened pleading standard of Rule

9(b) to survive the dismissal of all causes of action as plead.

### i. Plaintiff Has Not Adequately Pled Civil Conspiracy and Thus all Other Causes of Action Against PACIFIC COAST RECYCLING Should be Dismissed in Light of the Failure of Plaintiff's Sole Theory of Liability

Civil conspiracy is not an independent tort under California law, but rather serves as a

theory of liability. Idema v. Dreamworks, Inc., 162 F.Supp. 2d 1129 (C.D. Cal. 2001), aff'd in

part, dismissed in part, 90 Fed.Appx. 496 (9th Cir. 2003), as amd'd after denial of reh'g (March

9, 2004). Plaintiff does no allege that PCR employees misprocessed loads that PCR failed to make

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement          Page 4 of  13

adequate payments for material disposed. Rather Plaintiff's entire theory for Defendant PCR's liability rests on an allegation of conspiracy between Defendant PCR and others. As a direct consequence, Plaintiff's proper pleading of all claims against Defendant PCR rests foundationally on the proper pleading of civil conspiracy. And because these allegations also allege a unified course of fraudulent conduct, Plaintiff must allege conspiracy sufficient to meet the particularity requirements of Rule 9(b). Vess v Ciba-Geigy Corp., 317 F.3d at 1105. Plaintiff has failed to offer such a predicate pleading.

Under California law, liability for civil conspiracy requires three elements: (1) the formation of the conspiracy, or, an agreement to commit a wrongful act; (2) operation of the conspiracy, or, commission of the wrongful acts; and (3) damage resulting from the operation of the conspiracy. See People v. Beaumont Inv., Ltd., 111 Cal. App. 4th 102 (6th Dist. 2003). Plaintiff's sole allegation against Defendant PCR, and only alluded to generally as one of the "RDS-brokered trucking companies", is that all such companies "knew the proper procedures for entering and depositing material at KCL and knew their loads were not being properly processed because drivers were not given a weight ticket or were given a weight ticket that did not identify the material actually in the truck." FAC at ¶ 66. Plaintiff has not alleged the elements of conspiracy, via the pleading of *sufficient* factual allegations. See, Bell Atlantic v. Twombly, 550 U.S. 544 (2007). Plaintiff does not allege the formation of any such conspiracy, or, any overt acts on the part of PCR committed in furtherance of such conspiracy. Plaintiff has not even alleged how PCR or its employees "knew" that loads were not being properly processed when drivers were not given a weight ticket. Plaintiff has, instead, offered only the conclusory allegation that Defendant PCR was not only imbued with such knowledge of the Kirby Canyon Landfill facility's "proper" processing of loads, but that when drivers were not issued a weight

**Law Offices of**
**Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement          Page 5 of 13

ticket PCR was similarly appraised that something was critically amiss. Following Plaintiff's trail

of conclusory allegations, the mere act of this continued business then constituted both the

formation of a conspiracy between all defendants, and affirmative continuation of a widespread

fraudulent scheme. FAC at ¶67. More is required to sustain such serious allegations.

### ii. Plaintiff Has Not Adequately Pled Fraudulent Concealment or Aiding and Abetting Fraud, and its First and Tenth Causes of Action Should be Dismissed

The requisite elements of a claim for fraud under California substantive law are: (1) a

misrepresentation; (2) the defendant's knowledge of the falsity of that misrepresentation; (3)

defendant's intent to induce reliance; (4) the justifiable reliance of plaintiff; and (5) a showing of

plaintiff's damages. Johnson v. First Fed. Bank of Cal., U.S. Dist. LEXIS 98930 (N.D. Cal.

Nov. 26, 2008); see also, Ach v. Finkelstein, 264 Cal. App. 2d 667, 674 (1968), Witkin, Cal.

Proc., Pleadings §668 at 123 (4th ed. 1997). While varying slightly with the facts of a given

case, requisite particularity is – as a rule – the "who, what, when, where and how" of the

fraudulent misrepresentations. See U.S. ex. rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d

370, 379 27 I.E.R. Cas. (BNA) 1155 (4th Cir. 2008). Specifically when fraud is alleged against

a corporation, plaintiff must allege the names of the persons who allegedly made the fraudulent

representations, their authority to speak, to whom they spoke, what they said or wrote, and when

it was said or written. Tarmann v. State Farm Mutual Auto Insurance Co., 2 Cal.App.4th 153,

157 (1991). Without such information the defendant cannot reasonably be expected to be

provided sufficient notice, and dismissal is appropriate

The most critical element to any claim of fraud is, manifestly, an affirmative

misrepresentation. Yet Plaintiff has failed to allege a misrepresentation on the part of Defendant

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement          Page 6 of  13

PCR. Instead, it has alleged that employees of the KCL facility misprocessed loads and RDS made insufficient payments to Waste Management based on those misprocessed loads. FAC at ¶¶ 45, 64-65. There are no allegations against Defendant PCR of any representations, truthful or otherwise. The sole allegation of conduct in any form on the part of Defendant PCR is that it disposed of material at the KCL facility. Perhaps as an alternative pleading, Plaintiff has alleged that Defendant PCR aided and abetted the fraud of other defendants by having 'actual knowledge' of the fraud and continuing to participate. Id. at ¶126. Yet this participation, still, consisted simply of continuing to dispose of material at the KCL facility. No other conduct is alleged on the part of Defendant PCR or its employees. Without more, this cannot constitute sufficient grounds to sustain a pleading of fraud or aiding and abetting fraud.

Also prominently lacking is the "who" of Defendant PCR's supposed fraud. PCR is a corporation that employs 15 people, many of who deliver loads to Waste Management for disposal. Plaintiff has provided no indication of which individuals on behalf of PCR might have been engaged in any such fraud or scheme. Plaintiff seems only to allege that because "RDS-brokered trucking companies loads were not being properly processed", each defendant trucking company actively engaged in fraudulent concealment as part of a greater conspiracy. Id. at ¶66.

Plaintiff later alleges that each "each corporate entity had actual knowledge of the wrongful activity as alleged herein," without alleged how actual knowledge was ever obtained or maintained. Id. at ¶126.

Plaintiff cannot reasonably be expected to be apprised of the grounds for the claims of fraud it faces, nor respond to such claims, without knowing who Plaintiff contends was involved. As PCR is also corporation, Plaintiff must indicate which individuals made the fraudulent misrepresentation on behalf of PCR, their authority to speak, and to whom they spoke. Tarmann, 2

**Law Offices of Steven E. Springer**
16360 Monterey Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement          Page 7 of  13

Cal.App.4th at 157. It has provided none of these requisite specifics. For these additional grounds, the Court should grant PCR's Motion to Dismiss Plaintiff's First and Tenth Cause of Action.

### iii. Plaintiff Has Not Adequately Pled Conversion, and its Fourth Cause of Action Should be Dismissed

A sufficient pleading of conversion includes a pleading that (1) the plaintiff has clear legal ownership or right to possession of the purportedly converted property at the time of conversion, (2) defendant converted such property by wrongful act, (3) damages resulted from the conversion. Hartford Financial Corp. v. Burns, 96 Cal.App. 3d 591 (2d Dist. 1979). Because Plaintiff's allegations for conversion are rooted in a unified course of fraudulent conduct – a conspiracy to defraud Waste Management – they must be pled with particularity. Vess v. Ciba-Geigy Corp., 317 F. 3d at 1105. Again, Plaintiff's failure to adequately set forth Defendant PCR's involvement in any fraudulent conspiracy necessarily results in the Plaintiff's failure to adequately plead a cause of action against it for Conversion. By Plaintiff's own pleadings, Waste Management employees processed disposal loads and RDS made payments to Waste Management for those loads. Plaintiff has not pled the involvement of Defendant PCR in any wrongful act that resulted in the conversion of property. Additionally, because conversion deals with the interference of a property right, money may be the subject of conversion only when the money can be identified and described. Shahood v. Calvin, 154 Cal. App. 2d 745, 748 (1957). Plaintiff has offered no such description here. For these reasons, Plaintiff's Fourth Cause of Action against Defendant PCR should be dismissed as a whole.

### iv. The Statute Of Limitations Restricts Plaintiff's Claims for Conversion and Constructive Trust

In the alternative, California Civil Code section 338(c) sets the statute of limitations for conversion at three years. Plaintiff filed suit March 29, 2010 for allegations of wrongdoing,

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement          Page 8 of  13

1   including conversion, occurring between December 2005 and May 2008. Should this Court

2   ultimately allow Plaintiff's cause of action for Conversion to continue against Defendant PCR, the

3   statute of limitations precludes any claims prior to March 29, 2007. For the same reasons the

4   period of time for Plaintiff's Fifth Cause of Action (Constructive Trust), which is grounded in its

5   claim for Conversion, is similarly restricted.

6

7   **v. Plaintiff Has Not Adequately Pled Constructive Trust, and its Fifth Cause of Action Should be Dismissed**

8       Because Plaintiff has failed to set forth its pleading for either Fraudulent Concealment or

9   Conversion, its Cause of Action for Constructive Trust necessarily fails. Plaintiff alleges within

10  its specific cause of action, "Defendants obtained Plaintiff's funds fraudulently", yet it has failed

11  to set forth the manner in which Defendant PCR obtained any of Plaintiff's funds wrongfully.

12  FAC at ¶101. The Court need not accept as true conclusory allegations or legal

13  characterizations. Spreewell v. Golden State Warriors, 266 F.3d at 980. Without accepting

14  Plaintiff's unfounded characterization that Defendant PCR somehow wrongfully obtained

15  Plaintiff's funds, there is no grounds for Plaintiff's cause of action for Constructive Trust on

16  property Plaintiff contends was purchased with such funds. For these reasons, Plaintiff's Fifth

17  Cause of Action should also be dismissed.

18

19  **vi. Plaintiff Has Not Adequately Pled Unauthorized or Wrongful Entry, and its Seventh and Eighth Causes of Action Should be Dismissed**

20

21

22      Trespass is the unauthorized entry onto the land of another. Civil Western Corp. v. Zila

23  Industries, Inc. 66 Cal. 3d 1, 16 (1977). Invasion of the Right of Private Occupancy is,

24  similarly, grounded in the wrongful entry of a defendant onto land Plaintiff retains the right to

25  occupy without interference. By Plaintiff's own allegations, Defendant PCR contracted through

26  RDS to dispose of material at the KCL facility. FAC at ¶58. On the face of the First Amended

27  Complaint, accordingly, the entry of PCR trucks onto the KCL facility and the disposal of their

28

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement

CV 10-01324   JF
Page 9 of 13

materials was authorized. Plaintiff endeavors to somehow retroactively revoke PCR's

authorization to enter the KCL facility and dispose of material by saying that such authorization

was contingent upon the proper processing of disposal loads. FAC at ¶109. However Plaintiff

sets forth nothing to support such a conclusion as to the terms of PCR's authorization to enter the

KCL facility and dispose of material. And, again, Plaintiff has failed to set forth an adequate

pleading of any wrongdoing on the part of Defendant PCR that might have somehow revoked its

permission to enter the facility and dispose of material. For these reasons, Plaintiff's Seventh

and Eighth Causes of Action should be dismissed.

### vii. The Statute Of Limitations Restricts Plaintiff's Claims for Trespass

In the alternative, California Civil Code section 338(b) sets the statute of limitations for

trespass at three years. Plaintiff filed suit March 29, 2010 for allegations of wrongdoing,

including Trespass, occurring between December 2005 and May 2008. Should this Court

ultimately allow Plaintiff's cause of action for Trespass to continue against Defendant PCR, the

statute of limitations precludes any claims for Trespass prior to March 29, 2007.

### viii. Plaintiff Has Not Adequately Pled Negligent Disposal of Material, and its Ninth  Cause of Action Should be Dismissed

California statutory law reads five requisite elements into a claim of negligence: (1) Duty

on part of defendant to use due care (Civ. Code §§1714(a), 3333); (2) Breach of that duty (Civ.

Code § 3333); (3) Detriment to the plaintiff Civ. Code. §§ 3281, 3282, 3333); (4) Plaintiff's

detriment being proximate result of defendant's breach of duty (Civ. Code § 3333); and (5)

Damages (Civ. Code §§3281, 3333). Plaintiff broadly alleges that Defendant PCR owed a duty

"not to improperly dispose of material on Waste Management premises", yet the only

misconduct it has alleged is, again, on the part of the Waste Management employees it contends

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California,  95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement

CV 10-01324  JF
Page 10 of  13

1   misprocessed loads. Plaintiff has attempted to plead around its deficiencies in alleging a

2   fraudulent scheme by adding a count of negligence. However this allegation of negligence is

3   inextricably grounded in the overall allegations of a deceptive scheme, which Plaintiff has failed

4   to adequately set forth. For these reasons, Plaintiff's Ninth Cause of Action should be dismissed.

5

6       **ix. The Statute Of Limitations Restricts Plaintiff's Claims for Damage to Real**
        **Property**

7

8       In the alternative, California Civil Code section 338(b) sets the statute of limitations for

9   injury to real property at three years. Plaintiff filed suit March 29, 2010 for allegations of

10  wrongdoing, including negligent injury to real property, occurring between December 2005 and

11  May 2008. Should this Court ultimately allow Plaintiff's cause of action for Negligent Disposal

12  of Material to continue against Defendant PCR, the statute of limitations precludes any claims for

13  injury to real property prior to March 29, 2007.

14

15  **B. DEFENDANT IS ENTITLED TO A CLEARER STATEMENT OF PLAINTIFF'S**
    **CLAIMS**

16

17      Either in the alternative to dismissal, or in conjunction with it, Fed. R. Civ. P. 12(e)

18  permits a party to move for a more definite statement of a pleading to which it cannot reasonably

19  prepare a response. Such motion should be granted not only when the complaint is baldly

20  unintelligible, but also when the pleading fails to specify the allegations in a manner that provides

21  sufficient notice. See <u>Swierkeiwicz v. Sorema N.A.</u>, 534 U.S. 506, 512 (2002). Such is the case

22

23  here.

24      **i. Plaintiff's Seventh, Eighth, Ninth, and Tenth Causes of Action are So**
        **Ambiguous that Defendant PCR Cannot Reasonably Craft a Reply to the**

25      **Allegations as a Whole, and a Clearer Statement is Required**

26

27      Plaintiff's Seventh Cause of Action – Trespass – concludes with the allegation, "Plaintiff

28  is informed and believes that each trucking company defendant intentionally cancelled its

**Law Offices of**
**Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.                    CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement    **Page 11 of 13**

trespass." FAC at ¶111. Defendant PCR is unable to craft a response to this paragraph, or to discern whether this paragraph endeavors to fulfill a requisite element of a cause of action for Trespass. Defendant PCR respectfully requests a more definite statement.

Plaintiff's Eighth Cause of Action – Invasion of Right of Private Occupancy – concludes with the allegation, "Plaintiff is informed and believes that each trucking company defendant intentionally cancelled its wrongful entry." FAC at ¶116. Defendant PCR is unable to craft a response to this paragraph, or to discern whether this paragraph endeavors to fulfill a requisite element of a cause of action for Invasion of Right of Private Occupancy. Defendant PCR respectfully requests a more definite statement.

Plaintiff's Ninth Cause of Action – Negligent Disposal of Material – concludes with the allegation, "Plaintiff is informed and believes that each trucking company defendant intentionally cancelled its negligent disposal activities." FAC at ¶122. Defendant PCR is unable to craft a response to this paragraph, or to discern whether this paragraph endeavors to fulfill a requisite element of a cause of action for Negligent Disposal of Material. Defendant PCR respectfully requests a more definite statement.

Plaintiff's Tenth Cause of Action – Aiding and Abetting Fraud – concludes with the allegation, "Plaintiff is informed and believes that each trucking company defendant intentionally cancelled its activities in furtherance of the scheme." FAC at ¶127. Defendant PCR is unable to craft a response to this paragraph, or to discern whether this paragraph endeavors to fulfill a requisite element of a cause of action for Aiding and Abetting Fraud. Defendant PCR respectfully requests a more definite statement.

//

//

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.    CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement    Page 12 of  13

1

2                          **<u>CONCLUSION</u>**

3          For the foregoing reasons, Defendant PACIFIC COAST RECYCLING requests the Court

4   grant its Motion to Dismiss Plaintiff's First Amended Complaint. In the alternative, or in

5   conjunction with the grant of Defendant's Motion under Fed. R. Civ. P. 12(b)(6), Defendant

6

7   requests this Court grant its Motion for a More Definite Statement.

8

9

10  Respectfully submitted,

11

12

13  DATED: June 28, 2010

                                        Law Offices of Steven E. Springer
14
                                             /S/
15                                   _____
                                     Steven E. Springer
16                                   Attorneys for Pacific Coast Recycling, Inc.
                                     erroneously sued as Pacific Coast Recycling
17

18

19

20

21

22

23

24

25

26

27

28

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California,  95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.                     CV 10-01324   JF
Defendant PCR's Motion to Dismiss the 1ˢᵗ Amended Complaint and for a More Definitive Statement          Page 13 of  13

1   Steven E. Springer, SBN 180874
    Law Offices of Steven E. Springer
2   16360 Monterey Road, Ste 180
    Morgan Hill, CA 95037
3   Tele 408-779-4700,  Fax  408-779-4483

4   Attorneys for Defendant: Pacific Coast Recycling, Inc.

5                   UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7                        SAN JOSE DIVISION

8

9   NATIONAL UNION FIRE INSURANCE          No.  CV 10-01324  JF
    COMPANY OF PITTSBURGH, PA, a
10  Pennsylvania Corporation
                                           **[PROPOSED] ORDER GRANTING
11              Plaintiff,                  PACIFIC COAST RECYCLING'S,
         v.                                 MOTION TO DISMISS
12                                          PLAINTIFF'S FIRST AMENDED
    RESOURCE DEVELOPMENT SERVICES,          COMPLAINT AND/OR MOTION
13  INC., JAMES LUCERO, et. al,             FOR A MORE DEFINITE
                                            STATEMENT**
14              Defendants

15                                          **Judge: The Hon. Jeremy Fogel
                                            Time:  9:00 AM
16                                          Date:   Friday August 20, 2010
                                            Ctrm:   Three
17                                          Floor:  Fifth**

18                        [PROPOSED] ORDER

19        Pursuant to the Motions submitted by Defendant PACIFIC COAST RECYCLING, and

20  good cause appearing, IT IS HEREBY ORDERED that Plaintiff  NATIONAL UNION FIRE

21  INSURANCE COMPANY OF PITTSBURGH, PA's First Amended Complaint against

22  PACIFIC COAST RECYCLING is dismissed [ with / without ] leave to amend for reasons as

23  follows:

24        1. Plaintiff's First Cause of Action is dismissed [ with / without ] prejudice for

25  failure to plead the cause of action with requisite specificity, pursuant to Fed. R. Civ. P. 9(b).

26        2. Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Causes of Action

27  are dismissed [ with / without ] prejudice for failure to state a claim against Defendant

28  PACIFIC COAST RECYCLING upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.          CV 10-01324   JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement          Page  1 of 2

1   Plaintiff has failed to adequately plead its underlying theory of liability against Defendant

2   PACIFIC COAST RECYCLING and thus failed to adequately plead all causes of

3   action against said Defendant. Fed. R. Civ. P. 9(b).

4          3. Plaintiff's Fourth and Fifth Causes of Action are limited by the applicable statute

5   of limitations for Conversion, set forth in California Civil Code section 338(c), to claims arising

6   after March 29, 2007. Fed. R. Civ. P. 12(b)(6).

7          4. Plaintiff's Seventh Cause of Action is limited by the applicable statute of

8   limitations for Trespass, set forth in California Civil Code section 338(b), to claims arising after

9   March 29, 2007. Fed. R. Civ. P. 12(b)(6).

10          5. Plaintiff's Ninth Cause of Action is limited by the applicable statute of limitations

11   for Injury to Real Property, set forth in California Civil Code section 338(b), to claims arising

12   after March 29, 2007. Fed. R. Civ. P. 12(b)(6).

13

14          IT IS FURTHER ORDERED THAT  Defendant  PACIFIC COAST RECYCLING's

15   Motion for a More Definite Statement is granted as to Plaintiff's Seventh, Eighth, Ninth, and

16   Tenth Causes of Action. Fed. R. Civ. P. 12(e).

17

18   **IT IS SO ORDERED.**

19

20

21   **Dated: _____   By:_____**

22                                              **JUDGE JEREMY FOGEL**
                                                **United States District Court Judge**

23

24

25

26

27

28

**Law Offices of
Steven E. Springer**
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.                    CV 10-01324  JF
Defendant PCR's Motion to Dismiss the 1st Amended Complaint and for a More Definitive Statement   Page  2 of 2