UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., <br><br> Plaintiff, <br><br> v. <br><br> RESOURCE DEVELOPMENT SERVICES, INC., ET AL., <br><br> Defendants. | Case No.: C 10-01324 JF (PVT) <br><br> **ORDER DENYING DEFENDANT VALLEY RECYCLING'S MOTION TO STAY DISCOVERY** <br><br> **[Docket No. 69]** |

Defendant Environmental Resource Recovery, Inc. doing business as Valley Recycling moves to stay discovery pending the outcome of its motion to dismiss.[1] ("Valley Recycling"). Plaintiff National Union Fire Insurance Company of Pittsburgh, PA conditionally opposes the motion in part. ("National Union"). Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on September 21, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

---

[1] In the moving papers, defendant Valley Recycling represents that defendants Dominguez & Sons, Pacific Coast Recycling, Inc., and Bay Area Hauling and Maintenance were amenable to joining in the instant motion. To date, no such joinders have been filed. Forty-one defendants have been named in the action and as of August 25, 2010, approximately half of the defendants have been served. *See* Opp. at 1.

ORDER, *page 1*

1    IT IS HEREBY ORDERED that defendant Valley Recycling's motion to stay is denied.[2]

2    Defendant Valley Recycling moves to stay discovery on the grounds that it has moved to dismiss the first amended complaint and a hearing on the motion is scheduled to be heard on September 24, 2010. Because the motion is a dispositive one and the outcome of it may obviate or limit the scope of discovery, defendant Valley Recycling argues that discovery should be stayed.

Plaintiff National Union states that it is not opposed to a stay on discovery if "all scheduling dates proposed in the parties' Rule 26(f) Joint Report, especially close of discovery and including the trial date be moved, back seventy-five (75) days so that National Union is not prejudiced by a shortened time for conducting ample and adequate discovery." Opp. at 2. Without such conditions, plaintiff National Union opposes the motion and argues that a proper showing has not been made to stay discovery.

Rule 26(c)(1) provides in pertinent part that "[t]he court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. . . . " Fed. R. Civ. P. 26(c)(1).

In determining whether to grant a protective order to stay discovery before a dispositive motion is heard, courts use the following two part test: (1) a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; (2) the court must consider whether the pending dispositive motion can be decided absent additional discovery. *The Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 352 (N.D. Cal. 2003)(internal citations omitted). If the two above questions are answered affirmatively, the court may issue a protective order. *Id.* "However, if either prong of this test is not established, discovery proceeds." *Id.* "Denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion." *Id.* (internal citations omitted).

Here, defendant Valley Recycling has moved to dismiss all of the claims alleged against it

---

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

1  pursuant to Rules 9(b) and 12(b)(6).[3] *See* Notice of Valley Recycling's Motion to Dismiss First
2  Amended Complaint and Motion for a More Definite Statement filed on June 21, 2010.  (Docket No.
3  42).  However, defendant Valley Recycling assumes that even if the district court finds that (some or
4  all of) the claims are deficient, that leave to amend any of them would not be granted.  Therefore, the
5  court finds that the motion to dismiss is not "potentially dispositive" at this juncture.  Since the first
6  prong of the test has not been met, the court need not consider the second prong.

7       In addition, defendant Valley Recycling notes that a stay is warranted in light of the number
8  of defendants (including individuals) that have yet to be served.  Defendant Valley Recycling further
9  notes that in the Rule 26(f) planning conference, the parties agreed to stagger service of their initial
10 disclosures.  Plaintiff National Union agreed to serve its initial disclosures on July 17, 2010 and the
11 defendants agreed to serve their initial disclosures within 15 days after the district court ruled on
12 their respective motions to dismiss.  *See* Report of Rule 26(f) Planning Meeting filed on July 1,
13 2010.  ("Rule 26(f) Report").  (Docket No. 52).  The court finds no conflict between the
14 aforementioned service dates of the parties' initial disclosures and in allowing discovery to proceed
15 here.  Indeed, the parties agree that the action itself is not complex.  Plaintiff National Union
16 suggests that there may only be complexity as to matters of proof.  Rule 26(f) Report at 3.

17      Finally, defendant Valley Recycling alleges that the discovery sought is unduly burdensome
18 and "competitively sensitive."  To date, plaintiff National Union has propounded 16 requests for
19 production of documents from specific time periods.  The various time periods for the documents
20 sought range from November 1, 2005 through July 30, 2008 and June 1, 2004 through December 31,
21 2009, or between 3-5 years.  Aside from noting that the company is a "relatively small San Jose-
22 based business that has operated a disposal service and site for approximately twenty (20) years" and
23 the range of years for the documents sought, defendant Valley Recycling has not shown that
24 responding to the document requests is an undue burden.  Any concerns regarding confidential,
25 private and proprietary documents may be addressed by a protective order.  *See* Order Denying
26 without Prejudice Ex Parte Application for Entry of Protective Order filed September 8, 2010.
27 (Docket No. 92).  Accordingly, defendant Valley Recycling has not shown good cause to stay
28

---

[3]   A hearing on the motion to dismiss is scheduled for November 5, 2010.

ORDER, *page 3*

1  discovery and the motion is denied.

2     IT IS SO ORDERED.

3  Dated:   September 17, 2010

   *Patricia V. Trumbull*
   _____
   PATRICIA V. TRUMBULL
   United States Magistrate Judge