Steven E. Springer, SBN 180874
Law Offices of Steven E. Springer
16360 Monterey Road, Ste 180
Morgan Hill, CA 95037
Tele 408-779-4700, Fax 408-779-4483

Attorneys for Defendant: Pacific Coast Recycling

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation<br><br>　　　　Plaintiff,<br>v.<br>RESOURCE DEVELOPMENT SERVICES, INC., JAMES LUCERO, et. al,<br><br>　　　　Defendants | No. CV 10-01324 JF<br><br>**NOTICE OF JOINDER BY DEFENDANT PACIFIC COAST RECYCLING IN THE PENDING MOTION TO DISMISS THE 2ND AMENDED COMPLAINT AND MOTION TO DISMISS**<br><br>Judge: The Hon. Jeremy Fogel<br>Time: 9:00 AM<br>Date: April 15, 2011<br>Ctrm: 3<br>Floor: 5<br><br>Action Filed: March 28, 2010<br>No Trial Date |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant PACIFIC COAST RECYCLING, (hereinafter "PCR"), hereby joins in the pending Motion to Dismiss and Motion to Strike Plaintiff's 2nd Amended Complaint filed on January 31, 2011, by Defendant Environmental Resource Recovery, Inc., dba and sued as Valley Recycling. The matter will be heard by this Court on April 15, 2011, at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom NO. 3 on the fifth floor of the United States Courthouse, located at 280 South 1st Street in San Jose, California 95113.

PCR requests that its joinder in the motion be considered at the April 15, 2011 hearing.

Law Offices of
Steven E. Springer
16360 Monterey
Road, Ste. 180
Morgan Hill
California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.　　CV 10-01324 JF
Defendant PCR's Notice of Joinder　　Page 1 of 4

## I. INTRODUCTION

PCR moves for dismissal of the Second Amended Complaint and to strike improperly included paragraphs therein on the same grounds as being argued by Defendant Valley Recycling in its motion for the same relief.

## II. REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

In the interest of Judicial Economy PCR incorporates herein by reference the Memorandum of Points and Authorities in Support of Defendant Valley Recycling's Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike (Filed January 31, 2011; Document No. 147) and the supporting Request for Judicial Notice (Filed January 31, 2001; Document No. 148), because the arguments set forth therein apply with equal force to PCR. Additionally, this brief has been intentionally drafted following the outlines of preceding Joinder Motions in the hope of saving the Court and all parties time in their review of this brief. The balance of this Joinder Motion briefly discusses the facts as they pertain to PCR.

## III. BACKGROUND OF PACIFIC COAST RECYCLING

Defendant PCR is a business that has operated a recycling center in California for many years. PCR's sole connection to these proceedings is that it contracted with RESOURCE DEVELOPMENT SERVICES, INC. (hereinafter "RDS") to dispose of various forms of material at Waste Management Corp.'s Kirby Canyon Landfill (hereinafter "KCL"). All such transactions have been made in the ordinary and proper course of business; PCR has not been a part of any fraudulent scheme.

## IV. ARGUMENT AND CONCLUSION

PCR is specifically mentioned in the Second Amended Complaint only 5 times (excluding the caption, the headings for the 4th through the 7th Causes of Action, the signature line for its attorney, and the proof of service). These 5 instances occur in ¶21 identifying PCR's corporate existence, in ¶ 58 identifying PCR with the other defendants as a "trucking company defendant", in ¶ 66 with other company defendants alleging PCR knew of the proper procedures for processing weight tickets, and grouped in ¶ 99 with the other defendants in a general allegation of engaging in a conspiracy.

**Law Offices of Steven E. Springer**
16360 Monterey Road, Ste. 180
Morgan Hill California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc., et. Al.
Defendant PCR's Notice of Joinder

CV 10-01324 JF
Page 2 of 4

The only other place in which PCR is specifically referenced is ¶ 64 where it is alleged :

" ...that KCL employees permitted unprocessed and misclassified loads to enter KCL in exchange for improper monetary payments ...made to them directly by some of the trucking company defendants, including but not limited to Pacific Coast Recycling...

If PCR was answering the 2nd Amended Complaint, it would admit to its corporate existence, that it engage in trucking waste material, and that it is a defendant, however, PCR could only and would obviously deny the general allegations of conspiracy. This leave only one specific allegations against PCR in ¶64 of the 2nd Amended Complaint.

Paragraph 64 alleges that PCR knew the proper procedures for weight tickets and did not follow the procedures. This allegation is based on the naked assertion that there is one universal procedure for waste disposal and any person or company who does not follow this universal procedure must somehow be involved in inappropriate behavior.

The allegations against PCR in ¶64 are yet another example of Plaintiff's desire to attribute fraudulent intentions to otherwise innocent conduct. In ¶64 Plaintiffs' allege

> ...that KCL employees permitted unprocessed and misclassified loads to enter KCL in exchange for improper monetary payments ...made to them directly by some of the trucking company defendants, including but not limited to Pacific Coast Recycling, A&A Recycling Disposal, All Trash Recycling, Gibson Resource Group, and Nogalera Trucking.

Assuming Arguendo that PCR made some of the alleged payments (which it did not), the payment(s) to KCL employees by some of the Trucking Company Defendants or their representatives would be wholly consistent with ¶45 of Plaintiff's 2nd Amended Complaint:

> From time to time, however, situations would arise where RDS's account with KCL was delinquent, closed, and/or over the credit limit, and therefore, in those instances, **the trucking company defendants were required to directly submit payments to Waste Management** before being permitted to dispose of loads at KCL. (2nd Amended Complaint ¶45) (emphasis added)

Plaintiff's 2nd Amended Complaint at ¶64 does not provide any information regarding when said alleged improper transfers took place over the three year period in Plaintiff's pleadings. The Trucking Company representatives nor the KCL representatives involved in these alleged improper payments were not identified and lastly no monetary information was provided. Defendant PCR can not hope to defend itself from an allegation such as this which has a manifest lack of particularity.

**Law Offices of Steven E. Springer**
16360 Monterey Road, Ste. 180
Morgan Hill California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.
Defendant PCR's Notice of Joinder

CV 10-01324 JF
Page 3 of 4

For the same reasons set forth in Valley Recycling's Memorandum of Points and Authorities and this Brief on Joinder, the 2ND Amended Complaint should be dismissed and/or restated more definitely as against Pacific Coast Recycling and Plaintiff's improperly repeated request for punitive damages as set forth in Paragraph 89 in Plaintiff's Second Amended Complaint should be stricken.

Respectfully submitted,

DATED: February 9, 2011

Law Offices of Steven E. Springer

/S/
_____
Steven E. Springer
Attorneys for Pacific Coast Recycling, Inc.
erroneously sued as Pacific Coast Recycling

**Law Offices of Steven E. Springer**
16360 Monterey Road, Ste. 180
Morgan Hill California, 95037
(408) 779-4700

National Union Fire Insurance v. Resources Development Services, Inc. , et. Al.
Defendant PCR's Notice of Joinder

CV 10-01324   JF
Page 4 of 4