ERNEST E. PRICE (SBN 164534)
ARNIE SKLAR (SBN 51595)
EUGENE S. SUH (SBN 245313)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone: (213) 312-2000
Facsimile: (213) 312-2001

Attorneys for Plaintiff NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURGH, PA,
a Pennsylvania Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESOURCE DEVELOPMENT SERVICES, INC., et al.,<br><br>Defendants. | CASE NO. CV10-01324 JF (PSG)<br>*Hon. Jeremy D. Fogel*<br><br>**PLAINTIFF'S REPLY TO DEFENDANT JONNA CORPORATION, INC. d.b.a. PREMIER RECYCLE COMPANY'S OPPOSITION TO MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT WITH MARTHA RENTERIA**<br><br>Date: May 20, 2011<br>Time: 9:00 a.m.<br>Dept.: Courtroom 3 |

**TO THIS HONORABLE COURT, TO ALL THE PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**COMES NOW** Plaintiff, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.'s (hereinafter "National Union") Reply to the Opposition filed by Defendant JONNA CORPORATION, INC. d.b.a. PREMIER RECYCLE COMPANY (hereinafter "Premier") to National Union's Motion for a Determination of a Good Faith Settlement with Defendant MARTHA RENTERIA

(hereinafter "Renteria").[1]

DATED: May 6, 2011

ROPERS, MAJESKI, KOHN & BENTLEY

By:*/s/ Ernest E. Price*
ERNEST E. PRICE
ARNIE SKLAR
EUGENE S. SUH
Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
a Pennsylvania Corporation

---

[1] For purposes of this Reply, "Premier" shall include the other two Defendants that have filed Notices of Joinder to Premier's Opposition, Dominguez & Sons Trucking Company and Valley Recycling, unless specifically addressed herein. The Joinders filed by Dominguez & Sons and Valley Recycling are substantively identical to the Opposition by Premier Recycle, and therefore, their arguments will be addressed collectively herein.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In opposing National Union's Motion for Determination of Good Faith Settlement with Renteria, Premier wastes no time in acknowledging the existence of a "$13 million dollar conspiracy" for the sole purpose of exaggerating Renteria's involvement, while blatantly attempting to minimize its own liability – an interesting tact, but nonetheless ineffective to establish that the settlement reached between National Union and Renteria was in "bad faith." To date, each of the defendants, but none more than Premier have vehemently denied the existence of any conspiracy to defraud Waste Management. Renteria, at best, was a bit player in this elaborate fraud with tangential knowledge – a fraud that was designed for the sole monetary benefit of RDS's principal, James Lucero, and the many trucking company defendants, including Premier, that enjoyed unreasonable dump rates.

Premier's reliance on *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251 (1987) and *Singer v. Superior Court*, 179 Cal. App. 3d 875 (1986) is misplaced. There is no absolute right to conduct discovery in connection with a good faith determination. *See, Franklin Mint Co. v. Superior Court*, 130 Cal. App. 4th 1550, 1561 fn. 5 (2005). Settlements must be evaluated on a case-by-case basis, and therefore, comparing the instant circumstances involving the settlement between National Union and Renteria with the facts present in *City of Grand Terrace* and *Singer* to argue that discovery is needed is opportunistic at best.

Furthermore, nothing about the settlement reached between National Union and Renteria even hints at disproportionate "bad faith." In a deliberate effort to find a compromise between doubtful rights and controversies, National Union and Renteria endeavored to consider all risks and costs associated with protracted litigation and achieved a settlement to which both sides are satisfied.

National Union has set forth a prima-facie showing satisfying the inquiry required under *Tech-Bilt, Inc. v. Woodward Clyde & Assoc.*, 38 Cal. 3d 488 (1985).

1 It, as well as Renteria have provided sufficient evidence in support of its good faith
2 settlement, particularly in light of Renteria's insurance coverage, and a settlement at
3 this early state of litigation is not premature in any respect.
4 On balance, National Union respectfully requests that this Court determine
5 that the settlement between itself and Renteria is in good faith.

## II. LEGAL ARGUMENT

### A. Martha Renteria's Proportionate Liability Is Minimal At Best

National Union's Motion for Good Faith Determination, along with its SAC is apparent – RDS, and its principal James Lucero were the spearheads of the scheme. Former Waste Management employees working the scale house and the working face of the landfill actively participated by accepting bribes from Lucero in exchange for letting trucks in without proper processing, and without the active participation of the trucking company defendants who dumped thousands upon thousands of loads at the landfill, the conspiracy would have no purpose. These are the defendants that bear the lion's share of liability to National Union, not Renteria because a careful reading of the SAC shows that these are the defendants that truly benefited from the scheme.

Based on information and belief, National Union asserted a singular claim for concealment against Renteria. This claim was primarily based on the theory that Renteria either knew or should have known of RDS and the trucking company defendants' activities, and yet failed to disclose this information to Waste Management. *See* Plaintiff's SAC (Docket No. 144 at ¶ 49). This lone theory was grounded in allegations that Renteria was aware of defendant, Aracelli Franco's activities in facilitating RDS's scheme, that Renteria handled RDS's accounts payables, and that in so doing, she prepared and issued checks payable to some of the Waste Management employees at Lucero's direction. *See* Plaintiff's SAC at ¶¶ 77(d) and 80. These allegations against Renteria are hardly "the heart" of National Union's action, which undoubtedly focuses on the relationship between ***Lucero,***

*former Waste Management employees, and the trucking companies that profited*.

This is why of the seven (7) causes of action in the Second Amended Complaint ("SAC"), only **one (1)** cause of action for concealment is brought against Renteria. Additionally, of the hundred and thirty-four (134) paragraphs in the SAC, only three (3) are addressed to Renteria. This is in stark contrast to the countless paragraphs devoted to the actions of RDS's principal and the various trucking company defendants. If this is any indication, it should place Premier as well as the other trucking company defendants on notice that their proportionate liability for the loss sustained by National Union is exponentially greater than that of Renteria. Notwithstanding, Premier disingenuously argues, without any factual support in its papers, that Renteria was at the heart of the alleged $13 million conspiracy, and was an essential component in its formation and execution. This plainly mischaracterizes National Unions allegations, and does not accurately encapsulate National Union's allegations against Renteria.

Renteria has denied the allegations against her, and have disputed all factual contentions made by National Union. Renteria provided National Union a declaration attesting to the fact that she had no personal knowledge of any facts concerning the purported fraud until her office was raided by the police in June of 2008. *See* Declaration of Martha Renteria attached to Response Papers filed by Renteria. Renteria also continues to dispute the assertion that she was an "employee" of RDS, had any duty to disclose information (had she known) to Waste Management, and that she never knowingly participated in any perceived fraudulent conduct.

It is within this disputed context that National Union and Renteria have chosen to resolve the action between them in good faith.

### B. The Settlement Satisfies *Tech-Bilt*

Premier's assertion that the settlement between National Union and Renteria is not "within the ballpark" of her proportionate liability is based on Premier's

RC1/5986876.1/ESS -5- **REPLY TO PREMIER RECYCLE'S OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION**

1  faulty and deliberate mischaracterization of Renteria's role.  Premier, without any
2  factual or legal support, baldly asserts, "Renteria was a deeply involved actor with
3  inherently greater knowledge than the large majority of the other defendants." *See*
4  Premier's Opposition at p. 6:27 – 7:1.  On what evidentiary basis does Premier
5  make such contention?  Such is not the allegations in Plaintiff's SAC.  To the
6  contrary, based on the information available at the time of the settlement, Renteria
7  disputed any knowledge of fraudulent conduct, was never charged criminally like
8  RDS principal, James Lucero or the Waste Management employees, and there was
9  never any allegation by National Union that Renteria benefitted from any alleged
10 fraudulent concealment.

11     Good faith may be found if there has been no collusion between the settling
12 parties and where the settlement amount appears to be within the reasonable range
13 of the settling party's proportionate share of comparative liability for plaintiff's
14 injuries.  *North County Contractor's Assn. v. Touchston Ins. Services*, 27 Cal. App.
15 4th 1085-90 (1994).  The party asserting lack of good faith bears the burden of proof
16 to show that the settlement is so far "out of the ballpark" as to be inconsistent with
17 the equitable goals of Section 877.6.  *Long Beach Memorial Medical Center v.*
18 *Superior Court*, 172 Cal. App. 4th 865, 873 (2009) (citing *Tech-Bilt*, 38 Cal. 3d at
19 499-500).  Moreover, the good faith evaluation must be made on the basis of
20 information available at the time of the settlement.  *Id.* at 874.

21     To the extent Premier argues that National Union did not sufficiently present
22 evidence showing it actually engaged in "arm's length" bargaining with Renteria
23 regarding the amount of the settlement and Renteria's potential liability before
24 entering into the settlement, Premier presents no case law or other authority that
25 National Union had the burden to do so.  *See Cahill v. San Diego Gas & Electric*
26 *Co.*, 2011 Cal. App. LEXIS 494, *56-57 (2011).  On the contrary, Section 877.6(d)
27 provides, "the party asserting the lack of good faith shall have the burden of proof
28 on that issue."  *Id.*  Once there is a showing made by the settlor of the settlement,

the burden of proof on the issue of good faith shifts to the nonsettlor who asserts that the settlement was not made in good faith. *City of Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987). If contested, declarations by the nonsettlor should be filed which in many cases could require the moving party to file responsive counterdeclarations to negate the lack of good faith asserted by the nonsettling contesting party. *Id.* at 1262.

Other than unsupported hyperbole in the argument portion of its Opposition, Premier completely fails to satisfy its burden of proving that National Union and Renteria settled their dispute in order to impose greater exposure to Premier or any other defendant for that matter. In citing *River Garden Farms, Inc. v. Superior Court*, 26 Cal. App. 3d 986, 998 (1972), Premier implores this Court to hold that an "unreasonably" low settlement in relationship to the potential award is conclusive evidence of the lack of good faith. California courts, however, have rejected this type of argument. *See*, *Wysong & Miles Co. v. Western Industrial Movers*, 143 Cal. App. 3d 278, 288 (1983). "The question of good faith is a decision for the trial court to determine in each case based upon the evidentiary material presented to it." *Id.* National Union respectfully submits that the settlement between itself and Renteria was in good faith and was reasonable given the circumstances of the case.

### 1. The Settlement Amount Is Reasonable Given Renteria's Financial Condition and Insurance

Premier seems oddly perturbed by the $20,000.00 settlement figure. That mutually agreeable figure, however, was the culmination of several considerations by both parties involved. Bad faith is not established by a mere showing that a settling defendant paid less than his theoretical proportionate or fair share. *Tech-Bilt*, 38 Cal. 3d at 499. Settling defendants are expected to pay less – the essence of a compromise.

> Such a rule would unduly discourage settlements. For the damages are often speculative, and the probability of legal liability therefore is often uncertain or remote. And even where the claimant's damages are obviously great, and

> the liability therefore certain, *a disproportionately low settlement figure is often reasonable in the case of a relatively insolvent, and uninsured, or underinsured, joint tortfeasor.*

*Id.* (emphasis added); *See Long Beach Memorial Medical Center*, 172 Cal. App. 4th at 875.

In its responsive papers, Renteria has provided evidentiary support to show that she was insured by a $100,000.00 "wasting" policy, which has been and continues to be reduced by the cost of defense. *See* Declaration of Mark Russell submitted with Renteria's Response Brief. This should directly address the hearsay issue raised by Premier in its papers, but more importantly, it shows that even if Premier considers the $20,000.00 settlement disproportionately "low," it is still reasonable under these particular circumstances due to Renteria's financial condition, and the rapidly dissolving insurance coverage. *See*, *Widson v. International Harvester Co.*, 153 Cal. App. 3d 45 (1984) (finding $30,000.00 settlement reasonable); *see also*, *Schmid v. Superior Court*, 205 Cal. App. 3d 1244, 1247 (1988) (finding settling party's financial condition determinative particularly because disapproval of the good faith of the settlement would require Schmid to continue her defense, thereby needlessly increasing defense costs); *see also*, *Cahill v. San Diego Gas & Electric Co.*, 2011 Cal. App. LEXIS 494, at *57-58 (2011) (finding no abuse of discretion by court in concluding $25,000.00 settlement amount within the ballpark of reasonable settlement amounts in the circumstances of that case). The instant settlement fits squarely in this category of good faith settlements.

### C. The Settlement Is Not Premature

It has been well over a year since the original complaint was filed. Premier, in repeatedly moving to dismiss Plaintiff's complaints, referenced that large amount of time that lapsed from the inception of this case until now. Oddly enough, Premier, as well as its co-defendants, never utilized that time to conduct ***any***

1  discovery regarding each others' liabilities or financial condition. Only now does
2  Premier beseech this Court to permit it to conduct discovery.

3  Entering into an early settlement does not preclude a finding of good faith.
4  *County of Los Angeles v. Guerrero*, 209 Cal. App. 3d 1149, 1155 (1989) (finding
5  settlement even before litigation commenced was in good faith). In fact, doing so
6  effectively obviates the need for judicial resources and encourages litigants to
7  attempt informal resolution of disputes early on in a case.

8  Here, Premier demands a right to conduct discovery on the *Tech-Bilt* factors
9  to determine whether the settlement at issue was "in the ballpark," but really what
10 Premier is demanding is Renteria's continuing participation in this litigation.
11 Premier should not be permitted to control whether Renteria chooses to buy her
12 peace in this case.

13 The determination of good faith must be conducted on a case-by-case basis.
14 That is why *City of Grand Terrace* and *Singer* are inapposite. To permit discovery
15 at this stage would effectively curtail settlement between National Union and
16 Renteria. Again, Renteria maintains coverage under a relatively small insurance
17 policy that is being exhausted through the cost of defense. To embroil Renteria in
18 discovery, only to obtain information that Premier has already been provided
19 through sworn declarations would run up the cost of her defense and lessen the
20 amount that Renteria could offer in settlement to National Union. This surely was
21 not the intent in enacting *California* Code of Civil Procedure § 877.

22 **III. CONCLUSION**

23 In consideration of the comprehensive *Tech-Bilt* analysis set forth in National
24 Union's initial moving papers, this Reply brief, and the Response filed by
25 defendant Renteria, National Union respectfully requests that this Court find the
26 instant settlement to be made in good faith. Accordingly, National Union
27 respectfully requests that this Court grant National Union's Motion for
28 Determination of Good Faith Settlement.

| | | |
|---|---|---|
| 1 | DATED: May 6, 2011 | ROPERS, MAJESKI, KOHN & BENTLEY |

By:/s/ *Ernest E. Price*
   ERNEST E. PRICE
   ARNIE SKLAR
   EUGENE S. SUH
   Attorneys for Plaintiff
   NATIONAL UNION FIRE
   INSURANCE COMPANY OF
   PITTSBURGH, PA,
   a Pennsylvania Corporation

# CERTIFICATE OF SERVICE

I hereby certify that the following document:

**PLAINTIFF'S REPLY TO DEFENDANT JONNA CORPORATION, INC. d.b.a. PREMIER RECYCLE COMPANY'S OPPOSITION TO MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT WITH MARTHA RENTERIA**

was served on the following persons on this date and in the manner specified herein:

☒ **Electronically Serviced Through ECF:**

| | |
|---|---|
| Amy R. Carlson, Esq.<br>*Attorneys for Defendant CAL WASTE* | amy@calemploy.com |
| Brian M. Affrunti, Esq.<br>*Attorneys for Defendant GUILLERMO CEBALLOS* | baffrunti@bwslaw.com<br>hlee@bwslaw.com |
| Dennis G. McCarthy, Esq.<br>FENTON & KELLER<br>*Attorneys for Defendant A&S METALS* | DMcCarthy@FentonKeller.com |
| Edward F. Cullen, Esq.<br>*Attorneys for Defendant CAL WASTE* | ecullen@wpclaw.com |
| Gregg N. Dulik, Esq.<br>*Attorneys for Defendant JLV EQUIPMENT, INC.* | Gregg.dulik@sdma.com |
| Gregory J. Korbel, Esq.<br>*Attorneys for Defendant R&D MENDEZ ENTERPRISES, INC. dba ACCURATE CLEANING SYSTEMS, erroneously sued as ACCURATE CLEANING SYSTEMS* | gkorbel@millermorton.com<br>mes@millermorton.com |
| Josh Alan Cohen, Esq.<br>*Attorneys for Defendants JAMES LUCERO AND RESOURCE DEVELOPMENT SERVICES, INC.* | josh@cohenlawsf.com |
| Lawrence P. Ramirez, Esq.<br>*Attorneys for Defendant ENVIRONMENTAL RESOURCE RECOVER, INC. dba and* | lpramirez@thellg.com |

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

| | | |
|---|---|---|
| 1 | *sued as VALLEY RECYCLING* | |
| 2 | Lindsey R. Adams, Esq. | ladams@thellg.com |
| 3 | *Attorneys for Defendant ENVIRONMENTAL RESOURCE RECOVER, INC. dba and sued as VALLEY RECYCLING* | |
| 4 | | |
| 5 | Marc L. Shea, Esq. | mshea@popelka.com |
| 6 | *Attorneys for Defendant DOMINGUEZ & SONS* | |
| 7 | Mark C. Russell, Esq. | mrussell@gordonrees.com |
| 8 | *Attorneys for Defendant MARTHA RENTERIA* | |
| 10 | Richard Roger Roy, Esq. | rrr@richardroylaw.com |
| 11 | *Attorneys for Defendant DOMINGUEZ & SONS* | |
| 12 | Robert S. Robinson, Esq. | rob.robinson@lax.bowmandandbrooke.com |
| 13 | *Attorneys for Defendant JONNA CORPORATION, INC. dba PREMIER RECYCLE COMPANY* | |
| 14 | | |
| 15 | Steven E. Springer, Esq. | ses@springerlawoffices.com |
| 16 | *Attorneys for Defendant PACIFIC COAST RECYCLING and Defendant GIBSON RESOURCE GROUP, INC.* | |
| 17 | | |
| 19 | Vincent Charles Catania, Esq. | vincent@redshift.com |
| 20 | *Attorneys for Defendant RANDAZZO ENTERPRISES, INC.* | |
| 21 | Yesenia Marisol Santa Cruz, Esq. | ysantacruz@efplawgroup.com |
| 22 | *Attorneys for Defendant BAY AREA HAULING MAINTENANCE, INC.* | |

☒ **Conventionally Served:**

***Attorneys for Defendant RANDAZZO ENTERPRISES, INC.***

Larry J. Lichtenegger, Esq.
LICHTENEGGER LAW OFFICE
3850 Rio Road, No. 58

Carmel, California 93923
Phone: (831) 626-2801
Email: lawyer@mbay.net

***Attorneys for Defendant DOMINGUEZ & SONS***
Alicia L. Moya, Esq.
LAW OFFICES OF RICHARD R. ROY
4565 Ruffner Street, Suite 107
San Diego, California 92111
Phone: (858) 503-7969
Fax: (858) 503-7968
Email: rrr@richardroylaw.com

DATED: May 6, 2011

/s/ Ernest E. Price
ERNEST E. PRICE

RC1/5986876.1/ESS -13- REPLY TO PREMIER RECYCLE'S OPPOSITION TO MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION