**E-Filed 6/16/2011**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RESOURCES DEVELOPMENT SERVICES, INC., et al.,<br><br>Defendants. | Case Number 5:10-cv-01324-JF/PVT<br><br>ORDER[1] DENYING WITHOUT PREJUDICE MOTION TO STAY<br><br>[re: docket no. 184] |

    Plaintiff National Union moves to stay the instant action until the conclusion of a parallel criminal investigation of several Defendants, including James Lucero, the principal of Resource Development Services (RDS) and the central figure in the alleged fraud scheme. National Union seeks the stay primarily because it is unable to obtain relevant evidence held by the prosecution in the criminal investigation. While it recognizes that discovery should not be cut off before the parties are able to access this highly-relevant evidence, the Court concludes that it is unnecessary to impose a formal stay of proceedings. Accordingly, the motion will be denied

---

    [1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-03579-JF/PVT
ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY
(JFLC3)

without prejudice.

The alleged fraud at issue in this action has been the subject of a lenghty criminal investigation by the San Jose Police Department (SJPD). Beginning in August 2008, the SJPD executed several warrants, resulting in the seizure of at least sixty-one boxes of documents, including RDS's business records. Declaration of Robert Coelho ¶ 2. The Santa Clara County District Attorney's Office subsequently initiated a criminal case against Defendants James Lucero, Richard Andrade, Joseph Morse, Tom Overton, Jose Salvatier, and Daniel Sanchez. *Id.* ¶ 4. According to Lucero's criminal defense counsel, a preliminary hearing in that case is set for September 12, 2011. The District Attorney has objected to National Union's request to review the seized documents. Coehlo Decl. ¶¶ 7, 12.

"In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C. Cir. 1980) (alterations omitted). However, where the constitutional issues surrounding a criminal proceeding are implicated by a civil action, a court may exercise its discretion to stay civil proceedings in the interests of justice. *Id*. "A court must decide whether to stay civil proceedings in the face of parallel criminal proceedings in light of the particular circumstances and competing interests involved in the case." *Federal Savings & Loan Ins. Corp. v. Molinaro* 889 F.2d 889, 902 (9th Cir. 1989).

A "significant factor" in determining whether to grant a stay in such circumstances is "the extent to which the defendant's fifth amendment rights are implicated." *Keating*, 45 F.3d at 324, 326. The Ninth Circuit has identified several additional factors that should be considered: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which an particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of the cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and

2

1 | criminal litigation." *Keating*, 45 F.3d at 325.

2 |     As the concern for the defendant's Fifth Amendment rights suggests, stays generally are
3 | sought by defendants–who are unable to control the timing of a civil suit brought against
4 | them–in order to prevent civil proceedings from interfering with their ability to mount a defense
5 | in the criminal proceeding and avoid any prejudice that may result from their exercise of their
6 | constitutional right not to testify against themselves.  In this case, the stay is sought by the
7 | plaintiff.  While Lucero's defense counsel has indicated that Lucero intends to exercise his right
8 | not to testify in this case pending completion of any criminal action, neither Lucero nor any
9 | other Defendant has requested a stay.

10 |     Under these circumstances, the issue raised by National Union essentially involves the
11 | timing of discovery.  The RDS files currently held by prosecutors are likely to be highly relevant
12 | to this action, and the Court will consider the availability or unavailability of this evidence in
13 | establishing discovery deadlines or setting the case for trial.  However, National Union has not
14 | shown why the entire action should be stayed until these specific documents are available.
15 | While lack of access to RDS's records obviously will slow the progress of the action, there is no
16 | reason why the parties should be prevented from moving forward in other areas.

17 |     Good cause therefor appearing, the motion to stay is denied without prejudice.

18 | IT IS SO ORDERED.

19 | DATED: June 16, 2011

                                                        JEREMY FOGEL
                                                        United States District Judge

Case No. 5:10-cv-03579-JF/PVT
ORDER DENYING WITHOUT PREJUDICE MOTION TO STAY
(JFLC3)