1

2                                                    **E-Filed 6/28/2011**

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                             SAN JOSE DIVISION

11

| | |
|---|---|
| 12    NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, a Pennsylvania Corporation, | Case Number 5:10-cv-01324-JF/PVT |
| 13 | ORDER[1] GRANTING MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT |
| 14            Plaintiff, | |
| 15        v. | [re: docket nos. 176, 177] |
| 16    RESOURCES DEVELOPMENT SERVICES, INC., et al., | |
| 17            Defendants. | |
| 18 | |

19          Plaintiff National Union moves for a determination of good faith settlement as to

20   Defendant Martha Renteria.  The motion is opposed by Defendant Premier Recycle, joined by

21   Valley Recycling, on the ground that the claimed settlement payment of $20,000 is not in the

22   ballpark of a fair settlement with a defendant alleged to be part of a $13 million conspiracy to

23   defraud.  However, in light of the relatively minor role Renteria is alleged to have had in the

24   conspiracy, the absence of evidence of collusion, and the fact that Renteria has limited insurance

25   from which continued defense costs are deducted, the Court concludes that the settlement is in

26

27   ──────────────

28        [1]        This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-03579-JF/PVT
ORDER GRANTING APPROVAL OF GOOD FAITH SETTLEMENT
(JFLC3)

1  good faith.

2         National Union brings this insurance subrogation action to recover funds paid to Waste

3  Management Corporation as a result of an alleged fraudulent scheme.  It asserts that several

4  trucking companies, acting through their broker, Resource Development Services, Inc. (RDS),

5  made illegal payments to Waste Management employees to allow their trucks to dump waste at a

6  Waste Management landfill without proper processing.  National Union alleges that Renteria

7  served as an accountant and bookkeeper for RDS; that she was aware of the scheme to defraud

8  Waste Management; and that at the direction of RDS's owner James Lucero, she issued checks

9  to Waste Management employees as bribes.  For her part, Renteria claims that she worked only

10  as a bookkeeper for RDS and first learned of any fraudulent activity when the police raided her

11  office on June 5, 2008.

12         Renteria has submitted a declaration stating that she has a $100,000 professional liability

13  policy and no other considerable assets with which to pay a settlement, judgment or any

14  expenses.[2]  Declaration of Martha Renteria Decl. ¶¶ 2-3.  Renteria's counsel also has submitted a

15  declaration stating that the policy is written on an "expense within limits" basis, meaning that

16  amounts paid in litigation fees and expenses erode the applicable policy limits of the claim.

17  Declaration of Mark C. Russell ¶¶ 3-4.  Counsel states that Renteria already has incurred

18  approximately $20,000 in legal fees and costs in connection with defending this action.  *Id.*

19         California law provides that "[a]ny party in an action in which it is alleged that two or

20  more parties are joint tortfeasors . . . shall be entitled to a hearing on the issue of the good faith

21  of a settlement entered into by the plaintiff or other claimant and one or more alleged

22  tortfeasors."  Cal. Code Civ. Pro. § 877.6(a)(1).  "The issue of good faith of a settlement may be

23  determined by the court on the basis of affidavits . . . or the court may, in its discretion, receive

24  other evidence at the hearing."  *Id.*  § 877.6(b).  "The party asserting the lack of good faith shall

25

26  _____

27         [2]  Premier filed objections to National Union's motion, contending that the statements
with respect to Renteria's insurance policy are hearsay.  The Court provided Renteria and her

28  counsel an opportunity to supplement the record with declarations attesting to the status of her
insurance policy and financial circumstances.

Case No. 5:10-cv-03579-JF/PVT
ORDER GRANTING APPROVAL OF GOOD FAITH SETTLEMENT
(JFLC3)

1   have the burden of proof on that issue.  *Id.* § 877.6(d).

2          The California Supreme Court has articulated a number of factors to be taken into

3   account in determining the good faith of a settlement, including: (1) a rough approximation of

4   the plaintiff's total recovery; (2) a rough approximation of the settlor's proportionate liability;

5   (3) the amount paid in settlement; (4) the allocation of the settlement proceeds among plaintiffs;

6   (5) a recognition that a settlor should pay less in settlement than if found liable after trial; (6) the

7   settlor's financial condition and insurance policy limits, if any; and (7) evidence of any

8   collusion, fraud, or tortious conduct between the settler and the plaintiffs aimed at making the

9   nonsettling parties pay more than their fair share.  *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc.*,

10  38 Cal. 3d 488, 499 (1985). "The party asserting the lack of good faith, who has the burden of

11  proof on that issue, should be permitted to demonstrate, if he can, that the settlement is so far

12  'out of the ballpark' in relation to these factors as to be inconsistent with the equitable

13  objectives of the statute." *Id.*

14         Premier Recycle contends that allowing Renteria, who is alleged to be an integral part of

15  the conspiracy, to settle for $20,000 is outside the ballpark of a good faith settlement.  It argues

16  that as an accountant and bookkeeper for RDS, Renteria was in a position to know about and

17  facilitate the illicit payments to Waste Management employees.  Premier also contends that the

18  motion is premature because the other Defendants have not had an opportunity to conduct

19  discovery with respect to Renteria's financial circumstances, including how much she received

20  from the alleged conspiracy.

21         Although $20,000 is a small fraction of the $13 million National Union seeks in this

22  action, the Court concludes that Premier has not met its burden of demonstrating that in light of

23  all of the *Tech-Bilt* factors the settlement is not in good faith.  In particular, all parties

24  acknowledge that this case remains in its initial stages.  What damages National Union may be

25  able to claim when the case is concluded–if any–remain a matter of speculation.  In addition, the

26  Court must consider Renteria's financial condition and lack of sufficient insurance coverage.

27  The likelihood that Renteria's relatively modest insurance policy would be exhausted by legal

28  fees if she continues to litigate suggests strongly that her co-defendants would be unlikely to

3

1    recover much more from her in any subsequent contribution action.  The incentives provided by

2    Renteria's insurance policy also illustrate why the parties would seek the present settlement

3    without collusion.

4         The California Supreme Court has warned against making a motion for determination of

5    good faith settlement into a mini-trial on the merits.  While facts relating to the respective

6    liability of the parties are uncertain at this stage of litigation, there is no evidence or suggestion

7    that Renteria is one of the primary perpetrators or beneficiaries of the alleged fraudulent scheme.

8         As National Union observes correctly, there is not an absolute right to conduct discovery

9    in connection with a good faith settlement determination.  *See Franklin Mint Co. v. Superior*

10   *Court*, 130 Cal. App. 4th 1550, 1561 fn. 5 (2005).  In this case, further discovery with respect to

11   Renteria only would serve to increase the cost of her defense, undermining the incentive for the

12   parties to settle and increasing litigation costs to the extent that other Defendants would be

13   unlikely to recoup anything from Renteria in a contribution action even if she were to remained

14   in the case.

15                               **ORDER**

16         For the reasons articulated above, and good cause appearing, the Court determines that

17   the settlement reached between National Union and Martha Renteria is in good faith.

18   IT IS SO ORDERED.

19   DATED: June 27, 2011

20                             JEREMY FOGE
                               United States District Judge

21

22

23

24

25

26

27

28