UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RESOURCES DEVELOPMENT SERVICES, INC., ET AL.,<br><br>　　　　　　Defendants. | Case No.: C-10-01324 JF (PSG)<br><br>**ORDER GRANTING-IN-PART DEFENDANT DOMINGUEZ & SONS TRUCKING, INC.'S MOTION TO COMPEL**<br><br>(Docket No. 178) |

Defendant Dominguez & Sons Trucking, Inc. ("DS Trucking") moves to compel further production of documents and further responses to interrogatories and requests for admissions. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") opposed the motion.[1]  On June 21, 2011, the parties appeared for hearing.  Having reviewed the papers

---

[1] On May 4, 2011, the parties stipulated to continue the hearing to June 21, 2011.  National Union did not file an opposition until June 7, 2011.  Under the then-operative version of Civ. L.R. 7-3 (now revised and effective as of June 13, 2011), an opposition was due no later than May 31, 2011.  Notwithstanding National Union's inexplicable delay in filing its opposition, DS Trucking did not move to strike or otherwise object.  Accordingly, the court has considered the opposition.  DS Trucking did not file a reply.

　　The court does not intend any criticism from these observations.  To the contrary, the court appreciates the restraint shown and encourages other parties in other cases to show similar

1  and considered the arguments of counsel, DS Trucking's motion to compel is GRANTED-IN-
2  PART.

## I. BACKGROUND

National Union brings this insurance subrogation action to recover funds paid to Waste Management Corporation ("Waste Management") as a result of an alleged fraudulent scheme. National Union alleges that between December 2005 and May 2008, several trucking companies, acting through their broker, Resource Development Services, Inc. ("RDS"), made illegal payments to Waste Management employees. The payments were allegedly made to allow trucks to dump waste at the Kirby Canyon Landfill ("KCL"), a Waste Management landfill, without proper processing. National Union has sued RDS, five RDS employees, twenty-six trucking companies (the "trucking company defendants"), and eight Waste Management employees for fraud and related claims. The complaint alleges that while each of the trucking company defendants was aware that Waste Management's practice and standard industry protocol required KCL to process loads by weight and classification of materials, the trucks either were not processed at all or the waste was classified improperly in order to reduce the charge.

In addition to the civil action, local law enforcement authorities undertook a criminal investigation that resulted in the execution of several search warrants and the seizure of over 61 bankers boxes of documents and things. The District Attorney's Office and county counsel have restricted access to these documents and things until the criminal proceedings have concluded. Although the criminal charges against certain individual defendants were filed on December 22, 2008, they remain pending.

National Union moved to stay the civil action. On June 16, 2011, Judge Fogel denied the motion to stay.[2]

---

discretion in not submitting more paper to the court.

   During the hearing, the parties stated that they had reached a stipulation regarding some of the discovery at issue in this motion. Despite repeated assurances from DS Trucking that a proposed order was forthcoming, none was filed. As a result, this order now follows.

   [2] *See* Docket No. 212.

## II.  LEGAL STANDARDS

Rule 26(b) states that a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

## III.  DISCUSSION

On August 17, 2010, DS Trucking served National Union with interrogatories, requests for admission, and document requests.  National Union served its responses on August 31, 2010.  Despite the parties' efforts to meet and confer over the last ten months, DS Trucking contends that the production of documents and discovery responses remain deficient.

**A.     Requests for Admission**

DS Trucking first seeks further responses to request for admissions nos. 2, 13, 15, 31, 32, and 34.

In reviewing request for admissions nos. 2, 31, and 32, the court finds that National Union has sufficiently responded to those requests.  National Union has clearly and unequivocally denied these requests for admission.  No further responses are required.

As it has agreed to do, National Union shall supplement its response to request no. 34.

Because a production of responsive documents does not relieve it of the obligation to otherwise respond to the request, National Union shall supplement its response to request no. 13.

With respect to request no. 15, because the request targets DS Trucking's alleged state of mind regarding the charges for dumping, rather than its own, the court agrees with National Union that it need not further respond.

**B.     Interrogatory No. 1**

Interrogatory no. 1 seeks information regarding any responses to requests for admission from National Union that did not result in an "unqualified admission."  In response to request for admission no. 31, National Union denied that it (or any investigator acting on its behalf) had ever

interviewed a director, officer, employee or agent of DS Trucking. In response to interrogatory no. 1, National Union stated that Waste Management interviewed Genaro Dominguez and that its counsel was in possession of the interview report. DS Trucking complains that the interview report has not yet been produced.

National Union responds that it has produced the interview report. At the hearing, the parties agreed that they would meet and confer regarding locating and producing further expert reports. Accordingly, the parties shall meet and confer as they agreed and any additional expert reports, including from the expert CPA, shall be produced.

**C.  Document Requests**

DS Trucking disputes that National Union has produced sufficient documents in response to any of its 23 specific requests. After determining that National Union's document production was deficient, DS Trucking undertook efforts to meet and confer. National Union responds that it has produced "all" documents responsive to document request nos. 2, 4, 5, 15-17, 19, and 23, "several" documents responsive to document request nos. 1, 6, 7, 13-14, and 18, and that it will produce documents responsive to document request nos. 3, 8, 9, 20-22. National Union objects to producing any documents responsive to document request nos. 10-12 on the grounds of privilege and the work-product doctrine and asserts that documents sought in document request no. 24 are not relevant and the request is unduly burdensome.

As an initial matter, while DS Trucking offers no basis to challenge National Union's representation regarding document request nos. 2, 4, 5, 15-17, 19, and 23, National Union admits that it has only produced "several" documents responsive to document request nos. 1, 6, 7, 13-14, and 18 and that it "will produce" documents responsive to document request nos. 3, 8, 9, 20-22. Neither of these latter representations are sufficient under Rule 34. Accordingly, National Union shall produce all documents responsive to these latter categories of requests. Additionally, National Union shall produce a privilege log reflecting any documents withheld on the basis of privilege and the work-product doctrine.

As to document request no. 24, the request that seeks documents relating to pricing schedules, both at gate rate levels and at discounted levels, at landfills other than KCL in the San

Francisco Greater Bay Region in 2006-2008.  DS Trucking contends that the request is relevant because wasteload pricing and flat rates or discounted rates charged to other landfills will show whether the wasteload pricing and flat rates or discounted rates were lower at KCL.  In light of the nature of DS Trucking's asserted defense, the court finds that the documents sought in response to document request no. 24 are at least "reasonably calculated to lead to the discovery of admissible evidence.[3]  Moreover, other than generally claiming undue burden, National Union has not specified the extent of any burden.  National Union shall therefore produce documents responsive to document request no. 24.  Finally, National Union shall produce the software or codex necessary to decipher any files already produced.

## IV.  CONCLUSION

DS Trucking's motion to compel is GRANTED-IN-PART.

No later than July 15, 2011, National Union shall:

1. supplement its responses to request for admissions nos. 13 and 34; and
2. produce documents responsive to document request nos. 1, 3, 6-9, 13-14, 18, 20-22, 24 and serve a privilege log showing any documents withheld on the basis of privilege and the work-product doctrine.

Pursuant to the parties' agreement, no sanctions will be awarded on this motion.

IT IS SO ORDERED.

Dated:    June 29, 2011

PAUL S. GREWAL
United States Magistrate Judge

---

[3] Fed. R. Civ. P. 26(b)(1).