UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>                Plaintiff,<br>   v.<br>RESOURCE DEVELOPMENT SERVICES, INC., ET AL.,<br><br>                Defendants. | Case No.: 10-CV-1324-PSG<br><br>**ORDER GRANTING-IN-PART PLAINTIFF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION TO CONFIRM COMPLIANCE WITH DECEMBER 12, 2011 ORDER**<br><br>**(Re: Docket No. 325)** |

In a letter dated February 14, 2012, Defendant Dominguez & Sons Trucking, Inc. ("DS Trucking") identifies a number of purported deficiencies by Plaintiff National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") in complying with this court's order dated December 12, 2011.[1] National Union filed a response. On February 28, 2012, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that National Union's motion to confirm compliance is GRANTED-IN-PART.

---

[1] National Union previously moved to extend time to confirm that it had complied with the order dated December 12, 2011. *See* Docket No. 326. DS Trucking did not oppose the motion and National Union's request to extend the compliance deadline was granted. On January 31, 2012, DS Trucking advised the court that compliance issues still remained with the December 12 order. The court therefore permitted DS Trucking to file a letter brief outlining any outstanding compliance issues and National Union to file a response.

1

Case No.:  C 10-1324 RS (PSG)
ORDER

Despite raising a litany of deficiencies by National Union in complying with the December 12 order, at the hearing, DS Trucking narrowed this list to two – National Union's failure to provide documents in their native format and National Union's failure to provide all of the insurance policies covering Waste Management.[2]

The issue regarding National Union's failure to produce insurance policies was raised by DS Trucking the day before the hearing.[3] As a result, the parties did not meet and confer on the issue in advance of the hearing and National Union did not have an opportunity to respond in writing. Because DS Trucking did not timely raise the issue regarding National Union's insurance policies covering Waste Management and the parties did not meet and confer in advance of the hearing, this request is denied. The parties shall meet and confer before DS Trucking seeks any further relief on this issue.

As to the second issue, National Union acknowledges that it converted certain Excel spreadsheets into .TIFF format and produced them to DS Trucking with a load file. All other documents that National Union produced to DS Trucking, however, were produced as Waste Management produced them to National Union as they were kept in the usual course of business. Fed. R. Civ. P. 34 (b)(2)(E)(i) requires that documents must be produced as they are kept in the usual course of business or must be organized and labeled to correspond to the categories in the request. Subsection (ii) of the same rule requires that if a document request does not specify a format to produce electronically stored information, it must be produced in a form as it is ordinarily maintained or in a reasonably usable form. National Union's conversion of the Excel spreadsheets into .TIFF format violates this requirement by limiting DS Trucking's ability to review the Excel spreadsheets in their entirety. As anyone with even modest experience with spreadsheet applications can appreciate, an image of a multi-field table is all but useless when compared to a native table that can be sorted, pivoted and otherwise manipulated by the user. National Union either must produce all the disputed spreadsheets in their native format or in an otherwise

---

[2] Based on DS Trucking's representation at the hearing that there are only two remaining issues, all other relief is denied as moot.

[3] *See* Docket No. 360.

Case No.: C 10-1324 RS (PSG)
ORDER

2

1 reasonably usable form so that DS Trucking can access the spreadsheets in their entirety. This
2 production shall be completed no later than March 9, 2012.
3     By producing Waste Management's other documents as they are kept in the usual course of
4 business and in the forms that they were ordinarily maintained, National Union has otherwise
5 complied both with Fed. R. Civ. P. 34 and the December 12 order.
6     IT IS FURTHER ORDERED that DS Trucking's request for sanctions is DENIED.
7 **IT IS SO ORDERED.**

9 Dated: 2/29/2012

           PAUL S. GREWAL
           United States Magistrate Judge

3

Case No.: C 10-1324 RS (PSG)
ORDER