United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Plaintiff,

v.

RESOURCE DEVELOPMENT SERVICES, INC., JAMES LUCERO, et al.,

Defendants.
_____/

PACIFIC COAST RECYCLYING, INC., ENVIRONMENTAL RESOURCE RECOVERY, INC., AND DOMINGUEZ & SONS TRUCKING, INC.,

Third Party Complainants,

v.

WASTE MANAGEMENT OF CALIFORNIA, INC., et al.,

Third Party Defendants.
_____/

No. C 10-01324 RS

**ORDER DENYING DEFENDANT VALLEY RECYCLING'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter arises from the alleged fraud perpetrated by defendants at a landfill owned by Plaintiff National Union's insured, Waste Management ("WM"). Plaintiff filed this insurance subrogation suit in an effort to recover funds paid to WM as a result of the suspected fraudulent scheme. One defendant named in this suit, Environmental Resource Recovery, Inc., d.b.a. Valley Recycling (hereinafter "Valley Recycling"), is a recycling and waste removal company that contracted with co-defendant and broker Resource Development Services, Inc. ("RDS") to arrange for disposal at WM's landfill. Valley Recycling moves to dismiss plaintiff's claims for negligence and unjust enrichment asserted for the first time in plaintiff's third amended complaint ("TAC"). For the following reasons defendant's motion must be denied. This matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b).

## II. RELEVANT FACTS

On March 29, 2010, Plaintiff National Union brought this action as a subrogee of WM. It claims that between December 2005 and May 2008, Valley Recycling and the other defendants disposed of waste at WM's landfill, Kirby Canyon, without proper processing. Plaintiff alleges that RDS, conspired with Valley Recycling and the other disposal companies to defraud WM by falsifying weight tickets or by bypassing the waste scale altogether. Furthermore, it asserts that Valley Recycling and the other companies knew that the waste materials were being mishandled and that they were receiving misclassified weight tickets. National Union maintains that "[b]y virtue of each trucking company defendant entering onto [Kirby Canyon] and dumping waste material without a proper ticket, a conspiracy was formed between each trucking company defendant and each and all other defendants." (TAC ¶ 72).

The alleged conspiracy began when WM, who owns and operates Kirby Canyon, negotiated a brokerage agreement with RDS. Under the contract's terms, RDS was to coordinate with waste disposal companies and deliver waste materials to Kirby Canyon at agreed upon rates and volumes. One such company was Valley Recycling, the owner and operator of a nearby recycling center and disposal site. Valley Recycling contracted with RDS to permit waste transport from its own facility to Kirby Canyon for dumping. Plaintiff alleges that pursuant to this contract, RDS and Valley

United States District Court
For the Northern District of California

Recycling, along with the remaining defendants, developed a scheme to defraud WM and avoid compliance with proper waste disposal procedures and payment of agreed upon fees. As a result, plaintiff brought suit against approximately twelve individuals and twenty-five businesses including Valley Recycling. Valley Recycling subsequently filed a motion to dismiss plaintiff's first amended complaint which was granted with leave to amend. Plaintiff timely filed a second amended complaint which Valley Recycling, along with a number of other defendants, also moved to dismiss. This motion was denied with respect to Valley Recycling. With the Court's permission, plaintiff then filed a third amended complaint ("TAC") adding two new claims for negligence and unjust enrichment. Valley Recycling now moves to dismiss once again, conceding that plaintiff has alleged sufficient facts to support the TAC's first five claims, but insisting that the claims for negligence and unjust enrichment must be dismissed without leave to amend.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 8(a)(2), a complaint must present "a short and plain statement of the claim" demonstrating that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). If the complaint does not meet this standard, the defendant may move to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate if the claimant either does not raise a cognizable legal theory or fails to allege sufficient facts to support a cognizable claim. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, while a legally sufficient complaint does not require "detailed factual allegations," it must contain more than "unadorned" assertions of harm or bare legal conclusions without factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a Rule 12(b)(6) motion to dismiss, all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. *See Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

## IV. DISCUSSION

A. <u>Statute of Limitations and the Relation-Back Doctrine</u>

As a threshold matter, defendant contends that plaintiff's negligence and unjust enrichment claims must be dismissed as time-barred under California's two year statute of limitations. *See* Cal. Code Civ. Proc. § 339. For support, defendant explains that plaintiff admits to discovery of Valley Recycling's supposed negligent breach and unjust enrichment around May 2008, but only asserted these two claims in February 2012, well past the expiration of the statute of limitations.

Under California's modern rule, however, plaintiff's two new claims relate back to the filing date of the original complaint on March 29, 2010 and are, therefore, not time-barred. California's relation-back doctrine considers an amendment to the pleadings to relate back to the original complaint if the amendment relies on the "same general set of facts," involves an identical injury and refers to the same instrumentality. *Wennerholm v. Stanford Univ. School of Med.*, 20 Cal. 2d 713, 718-19 (1942); *Hernandez v. Hilltop Fin. Mortgage, Inc.*, No. C06–7401, 2007 WL 3101250, at *6 (N.D. Cal. Oct. 22, 2007). In *Wennerholm*, the California Supreme Court applied the modern rule to permit an amended complaint adding a wholly new fraudulent cause of action, to relate back to the original complaint based solely in a theory of negligence. *Wennerholm*, 20 Cal. 2d at 719. In so holding, the Court explained that a "mere change in legal theory will not subject the amended complaint to the bar of the statute of limitations." *Id.* at 719 (citations omitted).

Similarly here, the fact that plaintiff's TAC adds two additional theories: negligence and unjust enrichment, does not preclude relation-back to the original complaint which largely relied on charges of fraud. Plaintiff's allegations in both pleadings are based on the "same general set of facts." Just as in the TAC, the original complaint maintains that RDS and the trucking company defendants engaged in a conspiracy to defraud WM. The original complaint also suggests that Valley Recycling was negligent in overseeing its employees because it "should have know that their loads were not being properly processed" at Kirby Canyon. (Complaint ¶ 66). Finally, the original complaint explains that this wrongful behavior injured plaintiff and that "Defendant[] obtained Plaintiff's funds fraudulently, through false pretenses and/or wrongfully diverted such funds from the purpose for which they were intended." (Complaint ¶ 101). These facts are sufficiently similar to those alleged in the TAC so as to provide defendant with adequate notice of the new negligence

United States District Court
For the Northern District of California

and unjust enrichment claims. *Garrison v. Bd. of Dirs.*, 36 Cal. App. 4th 1670, 1678 (1995) ("The policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim . . . . This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading."); *Weinstock v. Eissler*, 224 Cal. App. 2d 212, 234-35 (1964) (permitting relation back for a newly added fraud claim in order to comport with "the strong policy in this state that cases should be decided on their merits"). Accordingly, relation-back is appropriate and neither claim is barred by the two year statute of limitations.

B. Negligence: Eighth Claim

Plaintiff's eighth claim avers that Valley Recycling and the other trucking company defendants were negligent in managing their employees. Specifically, plaintiff states that defendants owed WM a duty properly to train and supervise their employees and to ensure that they would not defraud the disposal facility owners. National Union maintains that Valley Recycling and other defendants breached this duty and failed either to discover the ongoing fraud or to minimize the resulting harm to WM. As a direct and proximate cause of this failure, WM never learned of the illegal conduct at Kirby Canyon and suffered over $13,000,000 in damages.

Valley Recycling contests all of plaintiff's allegations, insisting that it did not owe a duty of care to WM. This is because defendant's employees neither transported waste nor entered Kirby Canyon pursuant to the broker agreement with RDS. Rather, defendant hired independent contractors to haul material from the Valley Recycling site to Kirby Canyon. Defendant argues, therefore, that it should not be held responsible for the negligence of third-party contractors. In the alternative, defendant argues that even if it did owe WM a duty to supervise the independent contractors, plaintiff has failed to allege either a breach of this duty or that defendant's actions were a proximate cause of WM's injuries.

To state a negligence claim under California law, plaintiff must establish four essential elements: (1) duty; (2) breach; (3) causation; and (4) damages. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pac. Bell*, 275 Cal. Rptr. 878 (Cal. Ct. App. 1990)). If the claim is based on a theory of negligent supervision, plaintiff must also assert that "the

employer's breach of the duty to use due care was the proximate or legal cause of the resulting injury." *Bridge v. E*Trade Sec., LLC*, No. C–11–2521 EMC, 2011 WL 5444266, at *5 (N.D. Cal. Nov. 9, 2011); *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (2007). Here, despite defendant's contentions, National Union has clearly pled all components of a negligent supervision claim.

The TAC satisfies the rules of pleading by stating that Valley Recycling owed plaintiff the duty to: (1) "train and supervise its employees" to prevent fraud; (2) train adequately "its employees and agents to properly dump" at Kirby Canyon; and (3) "disclose knowledge of improper and/or illegal conduct" at the landfill." (TAC at ¶¶ 130, 132, 134). The TAC further claims that defendant "breached these duties by failing to adequately train their employees," and by failing to disclose knowledge of improper and/or illegal conduct" at Kirby Canyon. (TAC at ¶ 130, 135). Plaintiff also sufficiently addresses the third and fourth elements of its negligence claim, asserting that defendant's breach was a "direct and proximate cause" of its injury. (TAC at ¶ 136). For clarification, National Union explains that defendant's breach in failing adequately to train or supervise resulted in damages because such lack of oversite allowed Valley Recycling's employees and agents to dump unprocessed loads at Kirby Canyon. This illegal dumping coupled with defendant's breach in failing "to disclose knowledge of this improper conduct" caused WM to lose money to which it was entitled. Plaintiff's explanation is sufficient to establish negligent supervision at the pleading stage. *See Ileto*, 349 F.3d at 1206 (9th Cir. 2003) ("Whether an act is the proximate cause of an injury is generally a question of fact."); *Costello v. FedEx Kinko's Office & Print Servs., Inc.*, CV 08-3045 CAS(VBKX), 2008 WL 4822570 (C.D. Cal. Oct. 27, 2008) (expressing reluctance to grant a motion to dismiss on the basis of the adequacy of plaintiff's proximate cause allegations).

Valley Recycling's reliance on the contention that it cannot be held liable under a negligence theory because it utilized independent contractors and had no knowledge of the conspiracy, is to no avail at the motion to dismiss stage. District courts are confined solely to considering the allegations in the pleadings when addressing a motion brought pursuant to FRCP 12(b)(6). *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). *But see Branch v. Tunnell*, 14

F.3d 449, 454 (9th Cir.1994) (overruled on other grounds, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions . . . may be considered in ruling on a Rule 12(b)(6) motion to dismiss."). The TAC states that defendant's employees and agents were involved in the conspiracy. That defendant maintains the facts will show its employees never entered Kirby Canyon, goes beyond the pleadings and cannot be considered on this motion. Furthermore, even if the Court were to accept defendant's unsupported assertion that only independent contractors transported waste to Kirby Canyon, negligence liability is not necessarily precluded. As National Union accurately states, these independent contractors may also be defendant's agents for whose actions, defendant is responsible. *See Mottola v. R.L. Kautz & Co.*, 199 Cal. App. 3d 98, 108 (1988) ("Agency and independent contractorship are not *necessarily* mutually exclusive legal categories . . . . In other words, an agent may also be an independent contractor.") (emphasis in original); *see also* Cal. Civ. Code § 2338 (discussing the responsibility of a principal for its agent's negligence). *See generally Hernandez v. Hilltop Fin. Mortgage, Inc.*, 622 F. Supp. 2d 842, 852 (N.D. Cal. 2007) ("It is not necessary for a pleading to allege an agency relationship in order to survive a Rule 12(b)(6) motion."). Accordingly, there is no basis on which to dismiss plaintiff's negligence claim.

C. Unjust Enrichment: Ninth Claim[1]

The elements of unjust enrichment are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). To state a claim, plaintiff must affirmatively allege defendant actually received a benefit at

[1] Although defendant does not argue the point, California courts are divided on whether there is an independent cause of action for unjust enrichment. *See Baggett v. Hewlett-Packard Co.,* 582 F. Supp. 2d 1261, 1270-71 (C.D. Cal. 2007). Those holding that it is merely a remedy and not a standalone claim, however, often refashion such a claim as one for restitution. *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (2004) (construing unjust enrichment cause of action as one seeking restitution). Such refashioning is especially appropriate when the unjust enrichment claim arises either as an alternative to a plea for breach of contract damages or in quasi-contract where defendant is alleged to have obtained a benefit from plaintiff through fraud, duress or conversion. *Id.* Here, where plaintiff alleges that defendant retained benefits from a fraudulent scheme causing it injury, an independent claim, whether labeled as one asserting unjust enrichment or seeking restitution, may proceed.

United States District Court
For the Northern District of California

plaintiff's expense. *AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 958 (N.D. Cal. 2003). It is not essential, however, for plaintiff to have paid the benefit directly to defendant. *Id.* (quoting *Cal. Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 132, (1992)); *see, e.g.*, *Brittain v. IndyMac Bank*, No. C-09-2953 SC, FSB2009 WL 2997394, at *5 (N.D. Cal. Sep. 16, 2009).

Here, National Union alleges that Valley Recycling and the other trucking companies, participated in a conspiracy with RDS and thereby "received an improper financial benefit to the extent that they retained money that should have been paid to Waste Management." (TAC ¶ 139). In describing this conspiracy, plaintiff explains that Valley Recycling "benefited unreasonably" by knowingly entering into a fraudulent scheme with RDS so that it could pay "an amount that was unreasonably low[]." (TAC ¶ 71). RDS, thereafter, allegedly concealed the scheme from WM and failed to pay WM for dumping the unprocessed loads. Finally, the TAC alleges that, following the conspiracy, Valley Recycling "failed to remit" the improper financial benefit to WM despite the fact that it was "generated solely by . . . negligence and/or fraud." (TAC ¶ 140).

Based on these allegations, Valley Recycling concedes that plaintiff has likely stated an adequate unjust enrichment claim against RDS. It insists, however, that the facts do not support the claim as asserted against Valley Recycling. This is because, according to defendant, it was not responsible for paying WM directly or for physically dumping at Kirby Canyon. Rather, it merely negotiated waste disposal rates with RDS and hired independent contractors to transport the waste. It insists that it had no knowledge of the fraud or of RDS's illegal financial gain at WM's expense. Valley Recycling admits that it may, indeed, have benefited from reduced rates, but maintains that such benefit was not unjust because it is unconnected to WM's claimed damages. In other words, there is no evidence that Valley Recycling's reduced payments to RDS caused injury to WM and thereby to plaintiff.

Valley Recylcing's contentions are once again out of bounds at the pleadings stage. As Valley Recycling accurately notes, when considering a motion to dismiss courts may consider "all material allegations of the complaint" along with "all reasonable inferences to be drawn from them."

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."). Here, it is reasonable to infer from the TAC that Valley Recycling and RDS conspired to defraud WM by misprocessing loads dropped at Kirby Canyon. The allegations suggest that Valley Recycling paid RDS unreasonably low rates for dumping privileges knowing that RDS would conceal the true amount of waste entering Kirby Canyon and, thereby, compensate WM less than it was owed. *See First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1665 (1992) (distinguishing for purposes of unjust enrichment, defendants who know about the fraud and those that are "innocent recipients" of such improper benefit). Based on these facts, both RDS and Valley Recycling are alleged to have benefited from this fraud at WM's expense. That defendant now claims in its motion that it neither knew about the fraud nor was enriched at plaintiff's expense is for another day. Only facts contained within the pleadings and inferred therein are subject to consideration. Plaintiff has thereby stated a claim for unjust enrichment, and Valley Recycling's motion to dismiss the TAC's ninth claim is therefore denied.

V. CONCLUSION

Valley Recycling's motion to dismiss plaintiff's eighth and ninth claims is denied.

IT IS SO ORDERED.

Dated: 4/16/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE